UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter, § § § § *Plaintiff,* § v. § § Apple Inc., § § *Defendant.* § § | | Civil Action No. 1:21-cv-00047-LM |

**APPLE INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Apple Inc. ("Apple") by and through its counsel, Sulloway & Hollis, P.L.L.C., responds to Plaintiff's Motion to Amend Complaint [14] ("Motion to Amend" and "Response") as follows.

1. Apple recognizes that Federal Rule of Civil Procedure 15(a)(1) permits Plaintiff Coronavirus Reporter to amend its Complaint once as a matter of right. Apple submits this Response to clarify the record in connection with inaccurate statements made by Plaintiff in the Motion to Amend.

2. On March 1, 2021, Plaintiff's counsel emailed Apple's counsel and requested Apple's assent to Plaintiff's amended complaint. [Ex. B] [1]  Later that day, Apple's counsel responded that Apple was considering Plaintiff's request and would respond as quickly as possible. [Ex. C]

3. On March 2, 2021, Apple's counsel responded to Plaintiff's counsel as follows: "Because you are afforded one amendment as of right under FRCP 15(a)(1), we assent to your filing this amended complaint and using your one amendment as of right at this time. In exchange for our assent and because you have added new information regarding Dr. Robert Roberts, and added two new claims, we ask for your assent to a further extension of time in which to respond to the amended complaint, until May 12." [Ex. D]

4. Plaintiff's counsel responded that he would speak with his client and "get back" to Apple. [Ex. E]

---

[1] Exhibits B, C, D, and E attached to this Response are authenticated by Affidavit of Kevin M. O'Shea, Esquire in Support of Apple Inc.'s Response to Plaintiff's Motion to Amend Complaint, attached hereto as Exhibit A.

{C2224022.3}

5. Instead of responding to Apple, Plaintiff filed its Motion to Amend in which it asserted that "The Defendant has been contacted and does not assent to this filing, instead Defendant improperly conditioned their assent on two unreasonable stipulations. (*Id.* ¶ 5.) The first was that the Plaintiff agree to waive their right under Fed. R. Civ. P. 15(1)(B) to file an amended complaint after a Rule 12(b), (e), or (f) motion has been filed, Plaintiff expressly does not waive that right by this filing." (*Id.* ¶ 6.)

6. This is a misrepresentation of the record. Apple did not condition its assent to the Motion to Amend on Plaintiff waiving any right "under Fed. R. Civ. P. 15(1)(B)[2] to file an amended complaint after a Rule 12(b), (e), or (f) motion has been filed." Rather, Apple sought merely to confirm what the Federal Rules of Civil Procedure provide—that Plaintiff is entitled to one amendment as of right under FRCP 15(a)(1).

7. Plaintiff's Motion to Amend also asserted that "Defendants requested until May 15th to answer this pleading because the Defendant claims there is new information about Dr. Robert Roberts in the complaint. Defendants have had Dr. Roberts CV since March 2020 and given that this is the only new information provided in this complaint such a large extension is not warranted after Plaintiff has already assented to such an extension previously. (*Id.* ¶ 7.) This is a simple amendment clarifying some of the prior allegations, it should be allowed and the Defendant should have answer it in the normal course." (*Id.* ¶ 8.)

8. Contrary to Plaintiff's assertions in the Motion to Amend, there are several new factual allegations, including those related to the newly-named witness Dr. Robert Roberts who was not named in the original Complaint. *See* Proposed Am. Compl. ¶¶ 3, 4, 8, 27, 34, 43, 44, 74. Likewise, there are two new claims, for breach of contract and breach of the implied duty of good faith and fair dealing, as well as an increased claim for damages of $800 million dollars. *See id.* ¶¶ 99-119.

9. Based on these new factual allegations and legal claims, Apple requested Plaintiff's assent to a motion to enlarge time to respond to the proposed First Amended Complaint. It did not "improperly condition[] [it's] assent on two unreasonable stipulations."

10. Apple does not object to Plaintiff's Motion to Amend under Rule 15(a), but responds to Plaintiff's motion to correct the record.

      \*\*\*\*\*\*      \*\*\*\*\*\*      \*\*\*\*\*\*

---

[2] Apple assumes that the reference to Fed. R. Civ. P. 15(1)(B) in Paragraph 6 of the Motion to Amend is, in fact, a reference to Fed. R. Civ. P. 15(a)(1)(B).

Respectfully submitted,

APPLE INC.

By and through its attorneys,
SULLOWAY & HOLLIS, PLLC

Dated: March 4, 2021 /s/ Kevin M. O'Shea
Kevin M. O'Shea, Esquire
New Hampshire Bar No. 15812
Allyson L. Moore, Esquire
New Hampshire Bar No. 272208
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, New Hampshire 03301
(603) 223-2800
koshea@sulloway.com
amoore@sulloway.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Jessica E. Phillips, Esquire
Martha L. Goodman, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
jphillips@paulweiss.com
mgoodman@paulweiss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH 03105
(603) 622-8100
keith@aaone.law

Dated: March 4, 2021 /s/ Kevin M. O'Shea

{C2224022.3 }