IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter, <br><br> *Plaintiff*, <br><br> v. <br><br> Apple Inc., <br><br> *Defendant*. | § § § § § § § § § § § § | Civil Action No. 1:21-cv-00047-LM |

**DEFENDANT'S EXPEDITED MOTION TO EXTEND THE TIME TO FILE A RESPONSIVE PLEADING TO THE AMENDED COMPLAINT**

Apple Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, moves that the Court extend the date by which Apple must answer or file a responsive pleading to Coronavirus Reporter's Amended Complaint under Rule 12. Apple respectfully requests that this Court enter an order continuing Apple's responsive-pleading deadline to a date after the Court's resolution of Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 19) ("Motion to Transfer"). Specifically, Apple requests an order that sets Apple's responsive-pleading deadline to a date set by the transferee court, should the Court grant Apple's Motion to Transfer, or, should the Court deny Apple's Motion to Transfer, to a date 30 days after such denial. In support of this Motion, Apple states as follows:

1. Coronavirus Reporter filed suit on January 19, 2021, asserting antitrust claims (ECF No. 1). Apple was served with the Complaint on January 20, 2021 (ECF No. 3). Accordingly, Apple's default deadline to respond to the Complaint was February 10, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

2. On February 8, 2021, the Court granted Apple's Assented-to Motion to Extend Time to File a Responsive Pleading to the Complaint, which extended the time for Apple to file a responsive pleading to April 12, 2021.

3. On March 3, 2021, Coronavirus Reporter filed a Motion to Amend its Complaint (ECF No. 14), which this Court granted on March 4, 2021. The Amended Complaint added dozens of new factual allegations, three new exhibits, two new claims for breach of contract and breach of the covenant of good faith and fair dealing, and requested for the first time damages in excess of $600 million (ECF No. 17, at 28 ¶¶ 99–119).

4. On March 11, 2021, Apple filed its Motion to Transfer, requesting that this Court transfer this action to the United States District Court for the Northern District of California. *See* ECF No. 19. Under L.R. 7.1(b), Coronavirus Reporter has fourteen (14) days, until March 25, 2021, to respond to Apple's Motion to Transfer. Apple reserves its right to seek leave to reply to Plaintiff's Opposition after having the opportunity to review it. *See* LR 7.1(e)(2). Accordingly, this Court may not have sufficient time to rule on the Motion to Transfer before Apple's current deadline to file a response to the Amended Complaint.

5. Apple intends to file a Rule 12(b) Motion to Dismiss the Amended Complaint. Because, however, Apple's Motion to Transfer presents threshold questions about the appropriate venue for this litigation and, by extension, the law governing Apple's forthcoming Motion to Dismiss, *see infra* ¶ 8, Apple respectfully submits that judicial economy would be best served by extending Apple's Motion to Dismiss deadline until a date that follows, and is based on, this Court's resolution of Apple's Motion to Transfer. Specifically, should the Court grant Apple's Motion to Transfer, Apple requests an extension of its responsive-pleading deadline until a date set by the transferee court. Should the Court deny Apple's Motion to Transfer, Apple requests an

extension of its responsive-pleading deadline until 30 days after such denial.

6. Apple seeks expedited review of this Motion to Extend Time, under Local Rule 7.1(f), given the imminence of Apple's current April 12, 2021 responsive-pleading deadline and the pending Motion to Transfer. *See* ECF Nos. 7, 19.

7. This Court may extend a deadline "for good cause" if the motion to extend time is made before the current deadline, as here. Fed. R. Civ. P. 6(b)(1)(A). An "application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2020). Such good cause exists to extend Apple's responsive-pleading deadline.

8. First, if this Court grants Apple's Motion to Transfer, extending the deadline would aid the Northern District of California and conserve the Parties' resources. Absent the extension, if this Court decides to transfer venue, the Northern District of California may require new briefing on Apple's Motion to Dismiss—and Coronavirus Reporter's likely opposition—under Ninth Circuit law. *See AER Advisors, Inc.* v. *Fid. Brokerage Servs., LLC*, 921 F.3d 282, 288-89 (1st Cir. 2019), *cert. denied*, 140 S. Ct. 1105 (2020).

9. Moreover, courts consistently have found "good cause" to extend a defendant's responsive-pleading deadline until after the disposition of a pending motion to transfer venue—exactly the posture here. *See Insulate SB, Inc.* v. *Abrasive Prods. & Equip.*, No. 1:13-cv-1609, 2013 WL 4538261, at *2 (M.D. Pa. Aug. 27, 2013); *Mir* v. *State Farm Mut. Auto. Ins. Co.*, No. 18-cv-1315, 2019 WL 1237143, at *2 (C.D. Ill. Mar. 18, 2019); *cf. Enigma Software Grp. USA, LLC* v. *Malwarebytes Inc.*, 260 F. Supp. 3d 401, 413 (S.D.N.Y. 2017) (granting defendant's motion to transfer and declining to reach motions to dismiss and other pending motions that would

be "properly resolved by the transferee court").

10. Second, extending the deadline would avoid imposing an unnecessary burden on this Court of managing motions and filings that may need to be filed in the transferee court of the Northern District of California following disposition of Apple's Motion to Transfer.

11. Third, extending the deadline will afford Apple additional, reasonable time to conduct an initial investigation related to new claims and allegations that Plaintiff added in its Amended Complaint.

12. Extending Apple's responsive-pleading deadline pending resolution of its Motion to Transfer will not prejudice Coronavirus Reporter and will, as explained above, avoid prejudice to the Parties by eliminating potentially unnecessary and duplicative proceedings and expenses.

13. The granting of this Motion will not result in the continuance of any hearing, conference, or trial.

14. No memorandum of law is necessary in connection with this Motion as the relief requested is within the sound discretion of the Court. *See* LR 7.1(a)(2).

15. In accordance with Local Rule 7.1(c), Apple sought assent from Plaintiff's counsel Keith Mathews, Esquire, in good faith, and Attorney Mathews indicated Plaintiff would file its assent or its opposition under separate cover.

16. Apple sought Plaintiff's position on this Motion on Friday, March 19, 2021, and followed up requesting Plaintiff's position on Wednesday, March 24. On Thursday, March 25, Plaintiff indicated its position as reflected in paragraph 15, above. Given the amount of time Plaintiff's counsel took to address this request, and Apple's impending April 12, 2021 responsive-pleading deadline, Apple respectfully requests that the Court order Plaintiff to file its assent or opposition to this Motion by March 30, 2021.

WHEREFORE, Apple requests that this Honorable Court:

A. Grant this motion to extend the date by which Apple must answer or file a responsive pleading to Coronavirus Reporter's Amended Complaint under Rule 12 and enter an order that sets Apple's responsive-pleading deadline to a date set by the transferee court, should the Court grant Apple's Motion to Transfer, or, should the Court deny Apple's Motion to Transfer, to a date 30 days after such denial.

B. Order Plaintiff to file its assent or opposition to this Motion by March 30, 2021.

C. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

APPLE INC.
By and through its attorneys,

Date: March 25, 2021   By:   /s/ Allyson L. Moore_____
SULLOWAY & HOLLIS, PLLC
Kevin M. O'Shea, Esquire
New Hampshire Bar No. 15812
Allyson L. Moore, Esquire
New Hampshire Bar No. 272208
9 Capitol Street
Concord, New Hampshire 03301
(603) 223-2800
koshea@sulloway.com
amoore@sulloway.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Jessica E. Phillips, Esquire
*Admitted Pro Hac Vice*
Martha L. Goodman, Esquire
*Admitted Pro Hac Vice*
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
jphillips@paulweiss.com
mgoodman@paulweiss.com

## CERTIFICATE OF SERVICE

      I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH 03105
(603) 622-8100
keith@aaone.law

Date: March 25, 2021        By: <u>/s/ Allyson L. Moore</u>