UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE DISTRICT

| | |
|---|---|
| Coronavirus Reporter<br><br>                     Plaintiff,<br><br>vs.<br><br>Apple Inc.<br>                     Defendant. | Case 21-cv-47-LM<br><br>**PLAINTIFF'S OBJECTION TO TIME EXTENSION AND MEMORANDUM OF LAW IN OPPOSITION TO APPLE'S MOTION** |

## PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND TIME

Plaintiff Coronavirus Reporter respectfully objects to Defendant Apple's Expedited Motion to Extend Time. Plaintiff already argued in its opposition to Venue Transfer that, because of inconsistent logic and motion positioning, Apple should file an Answer before the Court devotes substantial resources to a motion – now two motions – that may be mooted by their Answer.

Simultaneously filed in support of this objection is Plaintiff's Memorandum of Law.

WHEREFORE, Coronavirus Reporter requests that this Honorable Court

A. Deny the Motion to Extend Time in Entirety

Respectfully submitted, this   30th day of March 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO APPLE'S EXPEDITED MOTION TO EXTEND TIME

## I. PRELIMINARY STATEMENT

1. Apple summarily rejected Plaintiff's coronavirus app in two days, denying to society the benefits of the early work started in February 2020 by its development team, including world renowned cardiologist Dr. Robert Roberts.

2. Within three weeks, Apple denied a final appeal to the most senior leadership at Apple – including a direct plea to CEO Mr. Tim Cook.

3. Plaintiff filed this lawsuit in January 2021. The FRCP typically permit a defendant twenty days to respond to a complaint. The vast majority of federal lawsuit defendants are able to issue a responsive pleading within twenty days. Nonetheless, at Apple's request, Plaintiff agreed to allow them to answer in April 2021, some 90 days after filing – and 30 days longer than the US government itself is granted under the Rules.

12. When Plaintiff added a relatively minor additional contract claim in early February, Apple asked for an extension until May 2021. At Plaintiff's request, Apple rescinded that extension request.

13. Last week, Apple filed a Motion to Transfer venue, arguing that witnesses in Cupertino would be inconvenienced to travel to a hearing in New Hampshire. In Plaintiff's objection to that motion, Plaintiff noted that should Apple file a motion to dismiss under 12(b), there would be no discovery or trial witnesses.[1] That pleading asked the Court to

---

[1] Hypothetically, Apple could argue their position is indeed consistent in that they want the venue transfer for the possibility their Motion to Dismiss is denied. But asking the Court to rule judicial economy exists because of a hypothetical possibility their motion doesn't succeed, and a belief a majority of witnesses *may* exist in California, meanwhile ignoring Plaintiff's Rule 37 discovery concerns respectfully doesn't add up.

require Apple to file their Answer prior to subjecting the Court to motion practice. Plaintiff's objection to venue transfer is incorporated herein: a venue transfer is not necessary, nor is another time extension.

14. Now, Apple indeed confirms their intent to file a 12(b) motion, and, putting the cart before the horse, requests an indeterminate amount of time to file their responsive pleading. As they explain it, and indeed several transfers have occurred as they point out, an Answer date would be set by the transferree District Judge during an entirely separate and wasteful proceeding.[2] Whether or not this Court denies the venue transfer, Apple looks to score an Answer deferral amounting to some six to eight months – a plainly excessive delay. Apple argues, with little supporting evidence, that this eight-month setback is in the interest of judicial economy.

15. We must oppose this suggestion, in the interest of obtaining fair and timely process. While the Complaint plainly describes the esteemed position Apple holds, we have no choice but to disagree with their conclusory judicial economy arguments. We feel an eight month delay is an excessive request; especially one that would transfer a fundamentally different antitrust claim to California immediately after a media-scrutinized *Epic* bench trial is scheduled to wrap up in June.[3]

16. Apple's present motion states that extending the deadline will afford more time for Apple to conduct an "initial investigation related to new claims." Certainly Apple's investigation of this case is a long welcomed move. The problem here is that Apple was

---

[2] If the average USDC motion ruling time is applied here, Apple could well delay their Answer until late 2021, nearly a year after their original answer date. Granting Apple a one-year extension to Answer is clearly beyond the intent and discretion afforded by the FRCP.

[3] Since the initial complaint, we have been transparent that our antitrust theory of allowing reasonable apps is far less of an intervention than *Epic's* seeking their own app store. Although Apple's strategy for filing these present two motions is only known to them, it would seem they may hope to enjoy some benefit by bundling our proposed minimal intervention with another, more radical one.

put on notice in March of 2020 that their determination could result in litigation, and Apple has already obtained a ninety-day extension in this case.

17. Another, perhaps larger problem is that of judicial economy. Delaying this case by another four to eight months unnecessarily adds to the docket burden of this Court and/or the transferree Court. The claims here fall squarely within federal Sherman Anti-Trust law, and some California contract law. Apple has not identified how an Answer is not possible at this time, despite their argument that they don't know which law to apply. Considering California contract law applies for sure, it seems highly hypothetical that an Answer would have to be amended based upon differences between First and Ninth Circuit holdings regarding Sherman. In the unlikely event it would require amendment, Plaintiff submits that moving the case forward by possibly six months, and avoiding negative discovery ramifications, make that trade-off more than reasonable.

18. Plaintiff's app was rejected over a year ago. Other witnesses and potential co-plaintiffs already identified by counsel had apps rejected over three years ago. This raises a significant concern about evidence preservation and spoliation. Should an indeterminate length delay be caused by venue transfer, Plaintiff hereby moves that a FRCP 37 conference will be necessary to minimize evidence spoliation.

19. The Amended Complaint alleges that thousands of person-hours of app work-product have been inefficiently and unnecessarily lost by Apple's arbitrary and capricious App Store policies. These apps are all processed through Apple's developer portal, developer.apple.com. Apple has already incurred a duty under FRCP 37 to preserve and maintain all reasonable electronic records regarding these thousands of rejected apps, spanning at least three years, and preferably, back to the App Store launch in 2008. If a

Rule 16 Discovery Conference is delayed by some eight months, it will be necessary to formalize and structure Apple's responsibilities with regards to custody and discovery of their electronic, and non-electronic, records.

20. Furthermore, adding substantial delays to the time to depose or subject witnesses to written interrogatories only increases the chances of evidence being lost to a simple reality of elapsed time and forgotten events.

21. The whole picture here is that Apple has moved to cause a six to eight month litigation delay, to a district which is wrapping up an unrelated bench trial, all in the name of witness convenience. Apple cannot seriously now ask for an extension so that they can file a motion to dismiss – with no witnesses – in California. This is in the exact opposite of the interest of judicial economy, in that it expands dockets and adds to discovery preservation oversight demands.

22. In conclusion, Plaintiff respectfully requests this Honorable Court deny both pending motions, or defer them until Apple files their Answer.

Respectfully submitted, this 30th day of March 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 30th day of March 2021.

                                                  /s/ Keith Mathews
                                                Keith Mathews
                                                Attorney for Plaintiff