## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:21-cv-00047-LM |
| Apple Inc., | § § § § § | |
| *Defendant*. | | |

### DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO "PLAINTIFF'S OBJECTION TO VENUE TRANSFER AND MEMORANDUM OF LAW IN OPPOSITION TO APPLE'S MOTION"

Defendant Apple Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby moves for leave to file the accompanying Reply to "Plaintiff's Objection to Venue Transfer and Memorandum of Law in Opposition to Apple's Motion" ("Opposition") under Local Rule 7.1(e)(2). In support of its Motion, Apple states as follows:

1. Apple filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) on March 11, 2021. Plaintiff Coronavirus Reporter filed its Opposition on March 25, 2021.

2. In accordance with LR 7.1(c), on March 31, 2021, Apple sought Plaintiff's assent to the relief sought by this Motion, and counsel for Plaintiff, Keith Mathews, Esquire, did not respond.

3. The granting of this Motion will not result in the continuance of any hearing, conference, or trial.

{C2236676.1 }

4. The grounds for this Motion are that Plaintiff makes incorrect assertions of law and of fact in its Opposition that warrant a reply. More detailed grounds for this Motion are set forth below. *See* LR 7.1(a)(2).

    a. Plaintiff suggests, erroneously, that it enjoys an absolute "statutorily mandated right" to proceed in any district where Apple transacts business, under 15 U.S.C. § 22, the nationwide antitrust venue statute. That reading finds no support in the statutory text, and courts have rejected it.

    b. Plaintiff fails to carry its "heavy burden" to justify setting aside the mandatory forum-selection clause in the Apple Developer Program License Agreement as the product of "undue influence" or "overweening bargaining power." Plaintiff argues the clause should be set aside simply because Plaintiff brings antitrust claims—a position at odds with controlling authority.

    c. Plaintiff insists its suit is "predominately" an antitrust matter to which the forum-selection clause does not apply. Plaintiff forgets that it amended its complaint just weeks ago to add a breach of contract claim and a breach of the duty of good faith and fair dealing claim. Plaintiff also ignores a decision of this Court holding that statutory claims can relate to a forum-selection clause, as Plaintiff's Sherman Act claims do here.

    d. Rather than demonstrate why the action should remain in New Hampshire under the proper § 1404(a) analysis, Plaintiff makes arguments related to the jury pool and an action Apple is defending in Delaware federal court, which have no bearing on that analysis and, in any event, fail to persuade.

    e. Plaintiff's argument that Apple should file its answer before the Court rules on the Motion to Transfer plainly contravenes the Federal Rules of Civil Procedure and other authority.

5. Apple's proposed Reply (attached hereto as Exhibit A) responds to these incorrect arguments, as an aid to the Court in its consideration of Apple's pending Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

\*    \*    \*

WHEREFORE, for the reasons set forth above, Apple respectfully requests that this Honorable Court grant it leave to file the attached proposed Reply, and that the Court accept and

{C2236676.1 }

consider Apple's Reply in connection with its ruling on Apple's pending Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted, this 1 day of April, 2021,

APPLE INC.
By and through its attorneys,

By: /s/ _Kevin M. O'Shea_____

| SULLOWAY & HOLLIS, PLLC | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| Kevin M. O'Shea, Esquire<br>New Hampshire Bar No. 15812<br>Allyson L. Moore, Esquire<br>New Hampshire Bar No. 272208<br>9 Capitol Street<br>Concord, New Hampshire 03301<br>(603) 223-2800<br>koshea@sulloway.com<br>amoore@sulloway.com | Jessica E. Phillips, Esquire<br>Admitted Pro Hac Vice<br>Martha Goodman, Esquire<br>Admitted Pro Hac Vice<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>(202) 223-7300<br>jphillips@paulweiss.com<br>mgoodman@paulweiss.com |

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH  03105
(603) 622-8100
keith@aaone.law

Date:   April 1, 2021                              By: /s/_Kevin M. O'Shea____

{C2236676.1 }