IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:21-cv-00047-LM |
| Apple Inc., | § § | |
| *Defendant*. | § § § | |

### DEFENDANT APPLE INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

This case should be transferred to the Northern District of California pursuant to the mandatory forum-selection clause in the Apple Developer Program License Agreement (the "DPLA") and under § 1404(a). Plaintiff makes no effort to grapple with the controlling legal principles governing this analysis, instead raising multiple arguments with no relevance to the law or to the facts. Nevertheless, Plaintiff's opposition raises five points that merit a brief explanation to confirm why this case should be transferred to the Northern District of California.

*First*, Plaintiff suggests that, under 15 U.S.C. § 22, the nationwide antitrust venue statute, Plaintiff enjoys an absolute, "statutorily mandated right" to proceed in any district where Apple transacts business. (Opp. ¶ 4.) Plaintiff is wrong. Section 22 is permissive, providing that any suit "under the antitrust laws against a corporation *may* be brought" in any district in which the defendant "may be found or transacts business." (emphasis added). Courts have held that this statute does not override a forum-selection clause or otherwise prevent transfer under § 1404(a). *Bense* v. *Interstate Battery Sys. of Am.*, *Inc.*, 683 F.2d 718, 720 (2d Cir. 1982) (rejecting argument that antitrust venue statute "precludes enforcement of contractual forum-selection clauses"); *Full-Sight Contact Lens Corp.* v. *Soft Lenses, Inc.*, 466 F. Supp. 71, 73 (S.D.N.Y. 1978) (same); *Sayre*

v. *Google, Inc.*, No. 1:18-CV-37, 2019 WL 5390038, at *2 (E.D. Tex. Mar. 22, 2019) (same); *Perrigo Co.* v. *AbbVie, Inc.*, No. CV 20-2132, 2020 WL 6200192, at *2, 4 (E.D. Pa. Oct. 21, 2020) (ordering transfer under § 1404(a) despite concluding venue was also proper under 15 U.S.C. § 22). Plaintiff fails to cite a single case to support its patently incorrect interpretation of the statute.

*Second*, Plaintiff claims the DPLA's mandatory forum-selection clause should be set aside under *M/S Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1 (1972), arguing that because the Amended Complaint alleges antitrust claims, the clause is the product of "undue influence" and "overweening bargaining power." (Opp. ¶¶ 19-20, 22.) But "the mere existence of a federal antitrust claim does not void a forum selection clause as against public policy." *TradeComet.com LLC* v. *Google, Inc.*, 435 F. App'x 31, 37 (2d Cir. 2011); *see also Bense*, 683 F.2d at 722 (enforcing forum-selection clause in antitrust suit); *Cung Le* v. *Zuffa, LLC*, 108 F. Supp. 3d 768, 776–78 (N.D. Cal. 2015) (same). Just as in *Silva* v. *Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 (1st Cir. 2001), which Plaintiff fails to address, Apple's "alleged bargaining power is not relevant" when it did "nothing more than offer an appealing . . . opportunity" to Plaintiff, and there is no evidence Plaintiff "was coerced into entering" the DPLA. Plaintiff fails to meet the "heavy burden" it bears of proving the forum-selection clause itself was the product of undue influence or overweening bargaining power. *M/S Bremen*, 407 U.S. at 15, 17; *see also Rivera* v. *Centro Medico de Turabo, Inc.*, 575 F.3d 10, 21 (1st Cir. 2009) (no "undue influence" or exploitation of bargaining power when plaintiff agreed to forum-selection clause in adhesion contract with medical provider); ECF No. 19-1, at 5.

*Third*, Plaintiff insists this suit is "predominately" an antitrust matter and, as such, the forum-selection clause—because it is found in a contract—does not apply. (Opp. ¶¶ 2, 24-26.)

Plaintiff forgets that it amended its complaint to add contract claims just weeks ago—not in "early February," as Plaintiff wrongly asserted in its most recent filing.  (ECF No. 23, ¶ 12.)  Plaintiff also ignores that "statutory claims may relate to a contract and fall within the scope of a forum selection clause, even if the complaint contains no explicit contract claims."  *Cameron* v. *X-Ray Prof'l Ass'n*, 2017 DNH 032, 9–10 (internal quotation marks and citation omitted).  That standard is met here, and none of the cases Plaintiff cites demonstrates otherwise. (Opp. ¶¶ 24-25.)  Plaintiff requests an injunction that "reasonable apps be should [sic] allowed on the Apple App Store." (Opp. ¶ 27.)  It is hard to imagine an antitrust claim *more* closely related to the DPLA, which governs Apple's "selection" of apps for distribution on the App Store, among other things.  *See* ECF No. 19-1, at 7 (quoting DPLA).

*Fourth*, as to the § 1404(a) analysis, Plaintiff does little to demonstrate why this action should remain in New Hampshire; Plaintiff failed to submit a declaration with its opposition, and alleged facts nowhere to be found in its Amended Complaint.  (*E.g.*, Opp. ¶¶ 13, 16, 30, 31, 34, 38 n.4, 39.)  For example, Plaintiff offers no evidence to support its claim that it would incur incremental costs of $200,000 to litigate this case in California.  (Opp. ¶ 39.4.)  And although Plaintiff asserts a "key" witness lives in New Hampshire (while conceding that all others do not), Plaintiff fails to demonstrate that single witness's relevance to this litigation.  (Opp. ¶ 13.)  That is plainly insufficient.  *See U.S. ex rel. Ondis* v. *City of Woonsocket, Rhode Island*, 480 F. Supp. 2d 434, 437 (D. Mass. 2007) (ordering transfer when plaintiff had "not identified a single witness" in his chosen forum, whereas defendants established that they lived and worked in the transferee district).  If anything, Plaintiff's recent concession that "California contract law applies *for sure*," *see* ECF No. 23, ¶ 17 (emphasis added), further confirms transfer is warranted.  *See* ECF No 19-1, at 12.

Plaintiff suggests that transfer is inappropriate for reasons that have no bearing on the controlling § 1404(a) analysis. Plaintiff contends that potential jurors in the Northern District may be more sympathetic to Apple. (Opp. ¶¶ 2, 16.) But Plaintiff offers no support for its conclusory assertion that it would be "difficult, if not impossible" to find jurors in the Northern District not connected to "Big Tech." (Opp. ¶ 16.) In any event, courts have rejected Plaintiff's juror-bias argument even in considering intra-district motions to transfer *for trial*. *See LoganTree LP* v. *Garmin Int'l, Inc.*, No. 17-1217-EFM-ADM, 2020 WL 1686839, at *3 (D. Kan. Apr. 7, 2020) (granting transfer motion and rejecting argument that transfer would force plaintiff to try its case "before a jury sympathetic to hometown tech hero Garmin").

Plaintiff also points to a patent and antitrust case Apple is defending in Delaware as evidence that transfer is inappropriate. (Opp. ¶ 29.) Blix Inc., the plaintiff,[1] "is a Delaware corporation," *Blix Inc.* v. *Apple, Inc.*, No. CV 19-1869-LPS, 2020 WL 7027494, at *1 (D. Del. Nov. 30, 2020), and thus has an actual nexus to Delaware. Here, Plaintiff is a Wyoming corporation, ECF No. 17, ¶ 14, and has no nexus to New Hampshire. The facts specific to whether Delaware is an appropriate venue in *Blix* have no bearing on the analysis here. *Cf. Caribbean Rests., LLC* v. *Burger King Corp.*, 23 F. Supp. 3d 70, 76 (D.P.R. 2014) (section 1404(a) analyses proceed according to case-specific considerations). Nor can Plaintiff appeal to the fact that Apple's policies "affect nearly every New Hampshire consumer, and certainly, New Hampshire based developers" when Plaintiff is neither of those things. (Opp. ¶ 39.5.)

***Finally***, there is no basis for Plaintiff's request that Apple file an answer before this Court decides its motion to transfer. (Opp. ¶ 35, n.3.) Apple has a right to move to dismiss under Federal Rule of Civil Procedure 12(b) rather than to answer, and judicial economy warrants deferring that

---

[1] There are not "around half of a dozen co-plaintiffs" in *Blix*, (Opp. ¶ 29); *Blix* is a single-plaintiff lawsuit.

{C2242162.1 }                                    4

motion practice—as well as an answer, if ever needed—until after this Court rules on Apple's motion to transfer. (*See* ECF No. 21, ¶ 9.)

## CONCLUSION

Apple respectfully requests that the Court transfer this case to the Northern District of California.

Respectfully submitted, this 12th day of April, 2021,

APPLE INC.
By and through its attorneys,

By: __/s/Kevin M. O'Shea_____

| | |
|---|---|
| SULLOWAY & HOLLIS, PLLC | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Kevin M. O'Shea, Esquire | Jessica E. Phillips, Esquire |
| New Hampshire Bar No. 15812 | Admitted Pro Hac Vice |
| Allyson L. Moore, Esquire | Martha Goodman, Esquire |
| New Hampshire Bar No. 272208 | Admitted Pro Hac Vice |
| 9 Capitol Street | 2001 K Street, NW |
| Concord, New Hampshire 03301 | Washington, DC 20006-1047 |
| (603) 223-2800 | (202) 223-7300 |
| koshea@sulloway.com | jphillips@paulweiss.com |
| amoore@sulloway.com | mgoodman@paulweiss.com |

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH  03105
(603) 622-8100
keith@aaone.law

Date:   April 12, 2021                              By: __/s/ Kevin M. O'Shea_____