# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter,<br><br>*Plaintiff*,<br><br>v.<br><br>Apple Inc.,<br><br>*Defendant*. | § § § § § § § § § § § | Civil Action No. 1:21-cv-00047-LM |

## DEFENDANT APPLE INC.'S MOTION TO DISMISS

Defendant Apple, Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, moves to dismiss, in its entirety, Plaintiff's Amended Complaint (ECF No. 17) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and in support thereof states the following:

1. Plaintiff filed its Complaint for Damages and Injunctive Relief on January 19, 2021. On March 4, 2021, this Court granted Plaintiff's Motion to Amend its Complaint. The Amended Complaint was filed on that same date.

2. Plaintiff's antitrust claims under Section 1 and Section 2 of the Sherman Act must be dismissed because Plaintiff fails to properly allege a relevant antitrust market, which is comprised of a geographic market and product market.

3. Both Sherman Act claims must also be dismissed because Plaintiff does not allege any harm to competition. Plaintiff alleges only injuries to its own business, which does not suffice.

4. Plaintiff's Section 1 claim must be dismissed for the additional reason that the Amended Complaint challenges only unilateral conduct, not any alleged concerted action among Apple and its competitors to allegedly restrain trade.

5. Plaintiff's Section 2 claim must be dismissed because Plaintiff fails to plausibly allege that Apple has monopoly power in a relevant market or engaged in exclusionary conduct.

6. Finally, Plaintiff's breach-of-contract claim fails because Plaintiff does not allege any facts supporting that Apple made a promise to allow apps with "deeply rooted medical credentials" to publish COVID-19 apps on the App Store, which means, necessarily, that no such promise was breached. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed because (a) that claim is coextensive with Plaintiff's breach-of-contract claim and, thus, fails to state an independent basis for relief and (b) Plaintiff cannot point to any express contract term that was frustrated.

7. Apple's arguments in support of its Motion to Dismiss are further set forth in its accompanying memorandum of law. LR 7.1(a)(2).

## LOCAL RULE 7 STATEMENT

Given the dispositive nature of this motion, the concurrence of the Plaintiff, Coronavirus Reporter, was not sought. LR 7.1(c).

WHEREFORE, Apple requests that this Honorable Court:

A. Grant Apple's Motion to Dismiss and dismiss, with prejudice, Plaintiff's claims and this action; and

B. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

APPLE INC.
By and through its attorneys,

Date: April 12, 2021        By:   /s/ Kevin M. O'Shea
                                  SULLOWAY & HOLLIS, PLLC
                                  Kevin M. O'Shea, Esquire
                                  New Hampshire Bar No. 15812

Allyson L. Moore, Esquire
New Hampshire Bar No. 272208
9 Capitol Street
Concord, New Hampshire 03301
 (603) 223-2800
koshea@sulloway.com
amoore@sulloway.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Jessica E. Phillips, Esquire
*Admitted Pro Hac Vice*
Martha Goodman, Esquire
*Admitted Pro Hac Vice*
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
jphillips@paulweiss.com
mgoodman@paulweiss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH  03105
(603) 622-8100
keith@aaone.law

Date:   April 12, 2021                              By: /s/Kevin M. O'Shea_____

{C2242165.1}            3