UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE DISTRICT

|  |  |
|---|---|
| Coronavirus Reporter and<br>FIVE UNNAMED APPS<br>On behalf of themselves and all others similarly situated<br>　　　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Apple Inc.<br>　　　　　　　　　　　　　　　Defendant. | **CLASS ACTION**<br><br>Case 21-cv-47-LM<br><br>**MOTION FOR LIMITED EXPEDITED DISCOVERY** |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs hereby notice this motion for limited, expedited discovery to protect the interests of the proposed class members and to ascertain vital knowledge to certify the class members.

Under Fed. R. Civ. Pro. 26(d)(1) parties may seek a court order for discovery to occur before the parties have conferred as required by Rule 26(f). Plaintiffs request such an order so that discovery can occur on limited issues relevant to the certifications of a class. This is a case of national importance concerning excessive developer taxes by monopoly and/or monopsony in the downstream app market and app retail markets held by Defendant Apple. As the SAC points out, the Congressional Subcommittee issued recent findings of concern that Apple's $2 billion annual tax on small developers is an illegal tax. The report also documents the "tyranny" Apple has forced upon small developers. This class action is the first such to protect the interests of small developers, in the form of certifying a class to redress the annual taxes, and of certifying a

class representing developers of free apps. To the best of counsel's knowledge, neither of these proposed classes are certified, or pending certification, in any other district.

To wit, these developers share substantial overlap with another class – consumers – that the Supreme Court recently granted *certiorari* to in *Pepper* (see SAC). In that case, Apple argued to the highest court that consumers were a misapplication of the true party with standing, the developer. Here, the proposed certified class falls squarely in between that of consumers, and large developers.

Apple's conduct in this litigation verges on contempt for the *certiori* granted in Pepper. Apple has filed no less than three motions to extend time, and appears simply unwilling to provide the answer mandated by *Pepper* and related assertions Apple made in that case.

Apple's disdain for developers is evidenced by their very own filings in this Court. Apple has made outrageous claims that Plaintiffs claims are "cavalier" and "in disregard for the law," when, in fact and as a matter of law, the claims were worthy of an entire congressional report and a seven-year certiorari process. This is no way to treat a small development team, lead by a Nobel committee cardiologist who saved countless lives with his MBCK invention, that simply tried to help with COVID relief. On that note, Apple very suspiciously wishes to move this case to the judge that misapplied antitrust law, resulting in the seven-year delay for *certiorari*.

To worsen matters, no less than twenty-four hours after five unnamed Plaintiffs joined this case, Apple sought to name the unnamed Plaintiffs, in flagrant disregard for the FRCP. Apple sought to induce speculation as to the relation of the unnamed Plaintiff's to Coronavirus Reporter, at a minimum, which is particularly inappropriate in a case where Apple apparently seeks to change venue to file a frivolous 12(b)(6) motion in contempt of *Pepper*.

It is time the intent and meaning of *Pepper* is recognized in this district, and it is time for Apple to file an answer. But pending this, counsel has a duty to protect the interests of the proposed class members.

The proposed class members have been taxed $99 a year by Apple in the form of an annual subscription to access the hundreds of millions of App Store users. The nearest rival (see SAC) charges $25. Assuming ten years of overtaxation, each developer is owed $750 by Apple. This is a significant sum of money, particular in a frail economy where Apple, yesterday, published the highest profits in corporate history. In short, Apple's monopoly is growing, they are milking small developers who wish to innovate, and congress and SCOTUS have more than authorized this action. It must move ahead, and the class members must be identified and protected.

Similarly, many small developers of free apps have been barred from publication, and or subject to ranking suppression (see SAC). Several of the unnamed Plaintiff's claims, and countless class members claims, are approaching statute of limitations concerns. Delaying their identification and certification is tantamount to denying them justice.

Counsel seeks a straightforward discovery production that should be nearly trivial for a technology company such as Apple. First, counsel seeks a list of contact information and receipts for all developer fees paid to Apple over the past ten years. Second, counsel seeks a data download of all free app submissions, and their resolution, but the App store team. Apple has published that they reject 40,000 apps a week. This information is critical in proving the foundation of this lawsuit. Spoliation of this evidence – particularly, how Apple's powers and abuses have grown since the launch of the App Store in 2008, will be of critical importance to

jury deliberations. The evidence must be immediately preserved and turned over to the Court and counsel.

The discovery sought represents tens of thousands of person years of wasted developer resources. On the other hand, providing this data to the Court may take Apple about a week to produce. The relative risks and costs to both parties is clear. This is a reasonable discovery request that the Court should grant.

This Court previously applied the the aptly named reasonableness standard from the <u>Momenta Pharms, Inc. v. Teva Pharms. Indus. Ltd.</u>, 765 F.Supp. 2d 87,88 (D. Mass. 2011) case law. See. <u>Wilcox Industries Corp. v. Hanson</u>, Civil No. 11-cv-511-PB (2012). "When applying this standard, courts have considered various factors, such as the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." <u>Id.</u> *citing* <u>Momenta</u>, 765 F.Supp. 2d at 89.

The Defendant has utilized extensive tactics in an attempt to delay this matter unfairly by filing to change venue and to extend their answer deadline until after the ruling on that motion. This is a clear attempt to delay the claims of the Plaintiffs including those yet to be discovered for months in order for Apple to continue to engage in this monopolistic behavior for as long as possible. The United States Supreme Court in <u>Apple Inc. v. Pepper</u>, 139 S. Ct. 1514, 1518 (2019) ruled that app developers can sue apple for antitrust violations, further delay, particularly when it comes to certifying a class would thwart the ability of that class to pursue these issues frustrating the Supreme Court's mandate in <u>Pepper</u>.

The Plaintiff seeks discovery readily available to Apple in order to certify those class members who may have claims against apple for the gorging $99 fee that they levied against

those individuals who attempted to put an app on the app store as well as those developers who have had Apple's draconian 30% rent and monopolistic price fixing. The longer it takes to certify a class the more small app developers are put through these riggers by Apple illegally.

These claims will succeed on the merits. The ability of these developers to sue under these circumstances is law of the land due to Pepper. Apple has been participating in these destructive monopolistic practices since the advent of the iPhone, becoming the largest company in the world on the backs of developers forced to comply with their rules in order to garner the hopes of merely getting an app on the app store.

There is almost no burden on the Defendants to providing this information besides the download media cost. Their business model necessitates a central database where applications are kept. It should be a simple matter to send the information along.

Leaving aside the Defendant's delaying tactics in this matter this request is barely premature, an answer to the Plaintiff's complaint should be filed in short order at which point a conference would be scheduled. The Plaintiff is requesting this information with a view to judicial economy so that the certification of a class would not hold up this important litigation.

Nearly endless man hours of small tech companies have been and continue to be wasted because of these practices. The Plaintiff seeks initial discovery to determine what developers have paid the economically wasteful fees to Apple, or have been denied publishing rights, in order to certify a class and give voice to those developers who have been silenced by apple for too long.

Due to the relief requested and recent motion practice assent was not garnered from opposing counsel.

WHEREFORE, The Plaintiff requests the ability to conduct discovery on the limited issues required to identify potential class members and their estimated damages.

Respectfully submitted, this 30th day of April 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 30th day of April 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff