# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Coronavirus Reporter,<br><br>*Plaintiff,*<br>v.<br><br>Apple Inc.,<br><br>*Defendant.* | §§§§§§§§§§§§ | Civil Action No. 1:21-cv-00047-LM |

### APPLE INC.'S MOTION TO EXCEED PAGE LIMIT OF ITS MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT

Apple Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, respectfully moves to exceed the page limit of its Motion to Dismiss the Second Amended Complaint by ten pages, from twenty-five (25) pages to thirty-five (35) pages. In support of this Motion, Apple states as follows:

1. Local Rule 7.1(a)(3) provides: "Except by prior leave of the court . . . no memorandum in support of . . . a dispositive motion shall exceed twenty-five (25) pages."

2. Apple plans to file a motion to dismiss under Rule 12 in response to Plaintiffs Coronavirus Reporter and Five Unnamed Apps' Second Amended Complaint ("SAC"). In an abundance of caution, Apple seeks leave to exceed the page limit of such motion to dismiss by ten pages. Nothing in this motion is a waiver of the relief sought in Apple's now pending Expedited Motion to Extend the Time to File a Responsive Pleading to the Second Amended Complaint (ECF No. 28) (filed April 28, 2021) ("Motion to Extend Time") or Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 19).

3. The SAC includes most of the allegations and all of the claims pleaded in the First Amended Complaint, while adding additional new allegations, claims, and purported plaintiffs. Apple moved to dismiss the First Amended Complaint in a 25-page motion. *See* ECF No. 26-1. Apple will need to make the same arguments in support of its motion to dismiss the SAC.

4. The additional pages are therefore justified for the same four reasons stated in Apple's Motion to Extend Time (ECF No. 28), ¶¶ 8-11, which Apple incorporates by reference, and briefly restates below:

   a. First, the SAC adds five new Plaintiffs, dubbed "Five Unnamed Apps," but provides little additional information about these alleged entities; it asserts that the unnamed entities are proceeding anonymously "because of significant risk of harm." SAC, ¶ 22.

   b. Second, the SAC is brought as a putative class action for both damages and injunctive relief on behalf of three distinct, proposed classes. *Id.* ¶¶ 154, 156, 158.

   c. Third, the SAC contains approximately 150 additional paragraphs of factual allegations and legal theories and adds four new antitrust claims not previously pled. Plaintiffs allege new relevant antitrust markets and sub-markets, SAC, ¶¶ 116, 126, 127, 149, and add new Section 2 claims for monopsonization and attempted monopsonization (Counts I and II), denial of essential facilities (Count III), and a Section 2 tying claim (Count VI).

   d. Fourth, the SAC references, and draws heavily from, several existing antitrust litigations against Apple: *Epic Games, Inc.* v. *Apple Inc.*, 20-cv-5640-YGR, *Pepper* v. *Apple Inc.*, 11-cv-6714-YGR, *Cameron* v. *Apple Inc.*, 19-cv-3074-YGR, and *SaurikIT* v. *Apple Inc.* 20-cv-8733-YGR. *Id.* ¶ 36.

5. Apple respectfully requests an additional ten (10) pages to afford Apple the opportunity to fully address the added portions of the SAC, including the five new "unnamed apps" purporting to be plaintiffs, the three proposed classes, new legal theories and four antitrust claims not previously pled, and the reliance on and reference to existing antitrust litigations against Apple.

6. No memorandum of law is necessary in connection with this motion, as the relief requested is within the sound discretion of the Court. LR 7.1(a)(1)(2).

7. In accordance with Local Rule 7.1(c), Apple sought assent from Plaintiffs' counsel

Keith Mathews, Esquire, in good faith, and Attorney Mathews stated he cannot assent to this request.

    WHEREFORE, Apple requests that this Honorable Court:

    A.    Grant this motion to exceed the page limit of Apple's Motion to Dismiss the Second Amended Complaint by ten (10) pages, from twenty-five (25) pages to thirty-five (35) pages; and

    B.    Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

APPLE INC.

By and through its attorneys,
SULLOWAY & HOLLIS, PLLC

Date: May 3, 2021    By:    /s/Kevin M. O'Shea
Kevin M. O'Shea, Esquire
New Hampshire Bar No. 15812
Allyson L. Moore, Esquire
New Hampshire Bar No. 272208
Sulloway & Hollis, P.L.L.C.
9 Capitol Street
Concord, New Hampshire 03301
(603) 223-2800
koshea@sulloway.com
amoore@sulloway.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Jessica E. Phillips, Esquire
*Pro hac vice admission to be sought*
Martha Goodman, Esquire
*Pro hac vice admission to be sought*
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
jphillips@paulweiss.com
mgoodman@paulweiss.com

## CERTIFICATE OF SERVICE

      I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

<u>Counsel for Coronavirus Reporter</u>
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH  03105
(603) 622-8100
keith@aaone.law

Date:  May 3, 2021        By:   /s/ Kevin M. O'Shea