UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE DISTRICT

| | |
|---|---|
| Coronavirus Reporter and <br> FIVE UNNAMED APPS <br> On behalf of themselves and all others similarly situated <br> Plaintiffs, <br><br> vs. <br><br> Apple Inc. <br> Defendant. | Case 21-cv-47-LM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO EXCEED PAGE LIMIT**

NOW COMES, The Plaintiffs by and through their counsel, and hereby oppose Apple, Inc's motion to exceed page limit in its memorandum of law in support of its motion to dismiss Plaintiffs' Second Amended Complaint.

In support thereof we state as follows, including this email Plaintiffs sent to Apple's counsel yesterday, which was not answered by Apple:

> "Under almost every other circumstance, I would have no issue assenting to ten extra pages. In this case, I cannot, because the underlying MTD is almost certain to be a frivolous pleading.
>
> Our case presents arguments that are also the subject matter of Congressional Subcommittee reports, a *certiorari* writ, and at least three pending lawsuits in discovery of in bench trial in California.
>
> On one hand, Apple says our claims have such substantial overlap, that the venue should change to Northern California. On the other hand, Apple falsely stated our claims are "cavalier" and "disregard the law." Our redundant claims assert both similar and tighter theoretical application: if the other cases stated a claim, then to state our case does not is simply harassing us because we are a small company.
>
> This seems to require judicial intervention. We have a duty to protect the proposed class members, who have been subject to a decade of Apple's tyranny. Can you imagine if

> Ford, back in the day, had to authorize where you could ride your car? Or if Sony Entertainment was the only movie studio, with global control of all movie production? Your client has gone down the wrong path since the death of Steve Jobs, and society has suffered. Time will prove us right on this issue.
>
> I urge you to file an answer and cancel plans for a frivolous 12(b)(6). I would expect to file a motion for Rule 11 sanctions if Apple's motion presents frivolous arguments in light of this precedent. I simply cannot offer assent to extend what I anticipate to be a frivolous motion to dismiss. If you wish to provide me the motion, so that I may be better informed, please do so."

The Plaintiffs' second amended complaint pleads identical claims, redundantly to those that are currently pending in District Courts around the country. It also pleads broader, and narrower claims, specifically applying to free apps (rather than just paid), and $99 developer fees (rather than all 30% fees), respectively. Those cases, including the *Epic* case that the eyes of the nation are watching take place today, have been allowed to proceed to a final hearing. Therefore, counsel asserts it would be futile for Apple to represent to this Court that the Plaintiffs here, as a matter of law, have failed to even state a claim. Permitting Apple to present an even lengthier motion to dismiss than the rules allow, in light of this futility, will waste more court recourses, tax payer dollars, and result in a lengthier delay in this matter inevitably going to trial. Apple has not plead that these types of claims fail to state a claim, except in two circumstances known to counsel: 1) that *Cydia* is subject to statute of limitations expiration, and 2) *Pepper* consumers don't have standing. Neither of those 12(b)(6) arguments, obviously, apply here.

Apple has engaged in substantial motion practice thus far, and argued in this matter that this case is so similarly to the cases in California that it must be moved there, but also that this case fails to even state a claim. Apple cannot have it both ways, even worse they are aware of that fact and are pursuing both paths for the purposes of creating delay.

Attached are news articles and public commentary from today that the Court may consider.





WHEREFORE, Plaintiff requests this Honorable Court deny Defendant's motion to exceed page limit.

Respectfully submitted, this 4th day of May 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 4th day of May 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff