## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coronavirus Reporter and<br>Five Unnamed Apps, on behalf of themselves<br>and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>Apple Inc.,<br><br>   *Defendant*. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 1:21-cv-00047-LM<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT APPLE INC.'S MOTION TO DISMISS
### THE SECOND AMENDED COMPLAINT

Defendant Apple Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, moves to dismiss, in its entirety, Coronavirus Reporter and Five Unnamed Apps' Second Amended Complaint ("SAC") (ECF No. 27) under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) and in support thereof states the following:

1. Plaintiff Coronavirus Reporter filed its original Complaint for Damages and Injunctive Relief on January 19, 2021.

2. On March 4, 2021, this Court granted Plaintiff's Motion to Amend its Complaint. The First Amended Complaint ("FAC") was filed on that same date. ECF No. 17. On April 12, 2021, Apple moved to dismiss the FAC in its entirety for failure to state a claim. ECF No. 26.

3. On April 26, 2021, in lieu of responding to Apple's motion to dismiss, Coronavirus Reporter filed the SAC, purporting to add "Five Unnamed Apps" as plaintiffs. The SAC is styled as a putative class action on behalf of three proposed classes. The SAC adds approximately 150 paragraphs of new allegations and four new antitrust claims: Section 2 claims for

monopolization/monopsonization and attempted monopolization/monopsonization (Counts I and II), a Section 2 essential facilities claim (Count III), and a Section 1 tying claim (Count VI). The SAC also re-pleads the same claims alleged in the FAC (Section 1, Section 2, breach of contract, and breach of the implied covenant of good faith and fair dealing; Counts IV, V, VII, and VIII, respectively), which Apple previously moved to dismiss.

*Procedural and Jurisdictional Defects*

4.  The Unnamed Apps must be dismissed. They did not seek this Court's leave to proceed anonymously before filing the SAC, thus depriving this Court of jurisdiction over the Unnamed Apps and further requiring dismissal because the SAC violates Rule 10(a)'s requirement that a complaint "name all parties." In addition, the Unnamed Apps are not the real parties in interest, and as "apps," they do not have the capacity to sue, in violation of Rule 17.

5.  The SAC copies the allegations, claims, and theories in at least three other App Store cases against Apple currently pending in the U.S. District Court for the Northern District of California ("Northern District"), so should be dismissed, or at least transferred to the Northern District, under the first-to-file rule. The first-to-file rule permits this Court to dismiss, or transfer, later-filed actions whose parties and issues are substantially similar to those in a first-filed action in another federal district court. The rule applies squarely here. As Coronavirus Reporter represented to this Court in a recent filing, the SAC "pleads identical claims, redundantly to those that are currently pending in District Courts around the country." ECF No. 31, at 2.

6.  Coronavirus Reporter, the only Plaintiff who may proceed in this action, lacks Article III standing to bring most claims in the SAC. The Supreme Court has made clear that standing is not dispensed in gross and that a plaintiff must have standing for each claim it brings and each form of relief it seeks. Coronavirus Reporter's alleged injury is that its proposed iOS

app was not approved for distribution from the App Store, yet the SAC pleads other alleged injuries that Coronavirus Reporter did not suffer, stemming from: Apple's requirement that developers use Apple's In-App Purchase functionality for in-app sales of digital goods and services ("IAP"), Apple's alleged 30% commission on sales of paid apps or in-app products, or Apple's purported ranking suppression of particular apps that have already been approved for distribution on the App Store.  Coronavirus Reporter lacks standing to bring Count VI entirely and Counts I, II, and IV to the extent based on allegations related to IAP, Apple's 30% commission, or ranking suppression.

*Deficiencies in Antitrust Claims*

7.     All of the antitrust claims fail because the SAC fails to sufficiently allege a plausible relevant product market.  Coronavirus Reporter instead takes a scattershot approach to market definition, arbitrarily borrowing market definitions from other cases, and failing to adequately define those markets in terms of the rule of reasonable interchangeability, as required.

8.     The antitrust claims must also be dismissed because of Coronavirus Reporter's failure to sufficiently allege anticompetitive harm.  At bottom, Coronavirus Reporter alleges only injuries to its own business, which does not suffice.

9.     The Section 2 claims (Counts I, II, IV) must be dismissed because Coronavirus Reporter fails to plausibly allege a required element for all those claims—that Apple engaged in exclusionary conduct.  At most, the SAC alleges that, in rejecting its proposed iOS app for distribution on the App Store, Apple refused to deal with Coronavirus Reporter.  That theory runs afoul of well-settled Supreme Court precedent and must be rejected.

10.    The Section 2 "essential facilities" claim (Count III), a claim which the Supreme Court has never recognized, also must be dismissed for the additional reason that Apple is not obligated, as a matter of antitrust law, to distribute apps on the App Store on developers' preferred

terms. And the SAC concedes that the App Store is not an *essential* facility because iOS users can be reached through other means, even if those other means happen not to suit Coronavirus Reporter's business model.

11.     The Section 1 claim (Count V) must be dismissed because the SAC challenges only unilateral conduct, not any alleged concerted action among Apple and its competitors to allegedly restrain trade.

12.     The Section 1 tying claim (Count VI) must be dismissed because Coronavirus Reporter does not allege it was injured by any requirement to use IAP, and thus lacks Article III standing. The tying claim fails to allege sufficient facts to plausibly plead that the purportedly tied products, "Apple's App Store," and "Apple's In-App Purchase," SAC ¶ 235, are actually distinct, and not part of an integrated service.

*Deficiencies in Contract Claims*

13.     The breach of contract claim (Count VII) must be dismissed because the SAC does not allege any facts showing that Apple made a contractual promise to allow apps with "deeply rooted medical credentials" to publish COVID-19 apps on the App Store, which means, necessarily, that no such promise was breached.

14.     The claim for breach of the implied covenant of good faith and fair dealing (Count VIII) must be dismissed because (a) that claim is coextensive with its breach-of-contract claim and, thus, fails to state an independent basis for relief and (b) Coronavirus Reporter cannot point to any express contract term that was frustrated.

15. For the Court's convenience, Apple summarizes the grounds of dismissal as follows:

| Reason(s) | Claim(s) subject to dismissal |
|---|---|
| Unnamed Apps cannot proceed anonymously | Counts I-VI as to Unnamed Apps |
| Unnamed Apps are not real parties in interest and lack capacity to sue | Counts I-VI as to Unnamed Apps |
| SAC is substantially similar to earlier-filed actions in Northern District of California | All claims as to all parties |
| No Article III standing for Coronavirus Reporter | As to Coronavirus Reporter, Count VI entirely, and Counts I, II, and IV to the extent predicated on allegations about IAP policy, 30% commissions, or ranking suppression |
| No relevant product market adequately alleged | Counts I-VI as to all parties |
| No exclusionary conduct plausibly alleged | Counts I, II, IV as to all parties |
| Failure to allege essential elements | Count III as to all parties |
| No concerted action alleged | Count V as to all parties |
| No contractual promise alleged, nor any breach or frustration of a contractual term alleged | Counts VII-VIII as to Coronavirus Reporter (the only party on whose behalf these claims are asserted) |

16. Apple's arguments in support of its Motion to Dismiss are further set forth in its accompanying memorandum of law. LR 7.1(a)(2).

## LOCAL RULE 7 STATEMENT

Given the dispositive nature of this motion, the concurrence of the Plaintiff, Coronavirus Reporter, was not sought. LR 7.1(c).

WHEREFORE, Apple requests that this Honorable Court:

A. Grant Apple's Motion to Dismiss the SAC and dismiss, with prejudice, the SAC's claims and this action; and

B. Grant such other and further relief as the Court deems just and equitable.

        Respectfully submitted,

        APPLE INC.
        By and through its attorneys,

Date:  May 10, 2021        By:  /s/Kevin M. O'Shea_____
        SULLOWAY & HOLLIS, PLLC
        Kevin M. O'Shea, Esquire
        New Hampshire Bar No. 15812
        Allyson L. Moore, Esquire
        New Hampshire Bar No. 272208
        9 Capitol Street
        Concord, New Hampshire 03301
        (603) 223-2800
        koshea@sulloway.com
        amoore@sulloway.com

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
        Jessica E. Phillips, Esquire
        *Admitted Pro Hac Vice*
        Martha L. Goodman, Esquire
        *Admitted Pro Hac Vice*
        2001 K Street, NW
        Washington, DC 20006-1047
        (202) 223-7300
        jphillips@paulweiss.com
        mgoodman@paulweiss.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

        Counsel for Coronavirus Reporter
        Keith Mathews, Esquire
        Associated Attorneys of New England
        P.O. Box 278
        Manchester, NH  03105
        (603) 622-8100
        keith@aaone.law

Date:   May 10, 2021              By: /s/ Kevin M. O'Shea