UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE DISTRICT

|  |  |
|---|---|
| Coronavirus Reporter and<br>FIVE UNNAMED APPS<br>On behalf of themselves and all others similarly situated<br>　　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Apple Inc.<br>　　　　　　　　　　　　　　Defendant. | Case 21-cv-47-LM<br><br>**MOTION FOR RECONSIDERATION** |

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, by and through their counsel, hereby motion the Court to reconsider and retract its order dated May 14, 2021 because it is not permissible under the Federal Rules of Civil Procedure and constitutes a major judicial error.

On April 25, 2021, Plaintiffs filed a Second Amended Complaint (SAC) pursuant to FRCP 15(a)(1). The putative class action charged Apple with six revised Sherman Act causes of action on behalf of Five Unnamed Apps, Coronavirus Reporter, and three proposed classes. The SAC was the first-to-file a class action representing and protecting the interests of small developers. It did so by creating a proposed class for developers of free apps, and a proposed class for developers who paid a $99 annual tax – the subject of a milestone Congressional Subcommittee report. No other class action currently protects these two classes – the SAC did so by asserting that Apple is a monopsony retail buyer of Apps, and hence underpays developers, even those of free apps, when it disallows them on the App Store. Alternatively, the SAC asserts

that Apple holds a monopoly in the market for smartphone enhanced internet backbone access devices, and therefore improperly excludes developers of free-apps from publication.

In contrast to cases like *Epic*, representing billion-dollar gaming companies with expensive law firms like Quinn Emmanuel, here Plaintiffs and the proposed class members are largely small startups, taxed to the tune of $30 billion according to said Congressional Subcommittee. On that cause of action alone, counsel estimates damages approaching $30 billion. When disallowed apps such as Coronavirus Reporter and Five Unnamed Apps are included in the toll, damages for all causes of action may top $200 billion, making this the largest proposed class action in history.

A *sua sponte* denial of an absolute right to amend to protect $200 billion in damages asserted by the largest class action ever brought is simply beyond the authority of the Court. Even if the Court had discretion on leave to amend, which it does not have here because amending is legally mandated as a matter of course, that leave should be liberally granted. Here, the Court denies an absolute right of counsel to protect the interests of three nationally important, first-to-file classes.

Defendant Apple made no motion to strike the Second Amended Complaint. It was, since April 25, the operative complaint in this case. The Court, acting *sua sponte* and far beyond its authorized discretion, issued an order on May 14 completely cancelling out the SAC and oddly backdating the FAC as the operative complaint.

Here, the Court's error is unacceptable and warrants immediate reversal. Under FRCP(15)(a), an amended pleading is an absolute right once as a matter of course, so long as it is filed within 21 days after service of a motion under Rule 12. Plaintiffs timely filed the SAC after being served with a 12(b)(6) motion. Plaintiffs had filed the FAC with leave from the Court, and

as such, had never exhausted their right to file once as a matter of course. As explained in *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), a party does not need to exhaust the right to file an amended complaint once as a matter of course under Federal Rule of Civil Procedure (FRCP) 15(a)(1) before amending based on the opposing party's written consent or leave of the court under FRCP 15(a)(2). No specific sequence is required for amendment Under FRCP 15(a). The facts of *Ramirez* are nearly identical to this case. As *Ramirez* explains, "although the plaintiff's first amended complaint was filed first in time with the defendants' consent, that did not waive or exhaust his right to file an amended pleading once as a matter of course within the deadlines set forth in FRCP 15(a)(1)."

The Court thus defied the FRCP and, acting *sua sponte*, blocked Five Unnamed App Plaintiffs, and three proposed classes, from joinder to this important matter. As such, this may be considered a final judgment subject to interlocutory appeal to the First Circuit. It is motioned that the Court cancel the incorrect order or grant counsel time to file an interlocutory appeal before transferring away from this district.

There are significant downstream ramifications to the Court's order that prevent justice from being correctly adjudicated. First, Apple's motion to transfer venue is rendered entirely moot by the SAC. Apple would have to re-file a motion to transfer venue in light of a new operative complaint, which counsel submits would be futile. In any case, Five Unnamed Apps have a right to present their opposition to the venue transfer, which they were denied. Additionally, Coronavirus Reporter was denied a chance to object on the operative complaint's facts and claims. This is simply not permissible.

Coronavirus Reporter never signed a forum selection clause. The SAC removed an erroneously-construed statement. Coronavirus Reporter had little relation to another company

mentioned in the FAC. It may have transacted with said company on one occasion, because of the urgency COVID presented in February 2020 to have a prompt review by Apple. At no point did Coronavirus Reporter intend to be identified as, or viewed as a legal equivalent to the company named in the FAC. Hence transferring under Section 1404(a), when no forum selection clause was signed by Plaintiff, is likewise a major error by the Court.

Apple has had two chances to file an MTD, and now, gets a third and even fourth chance with delays amounting to likely a year since filing. This is particularly concerning, because counsel just last week emailed Apple to inform them that their MTD was based on assertions that were false, erroneous, and or intended to create unnecessary delay (See Exhibit A). The Court's order results in impartial, unacceptable benefits to Apple. Striking a $200billion class action, leaving Five Unnamed Plaintiffs without a complaint, this is an outrageous denial of correct procedure.

Finally, Plaintiff filed a motion for expedited discovery. This motion, protecting the interests of a putative class, is ever more important should the case be transferred and further delayed. Apple needs to address the motion, rather than given a "free pass" once again.

WHEREFORE, it is respectfully requested the Court immediately cancel the order dated May 14, 2021 and allow the Plaintiffs to proceed on this Complaint in this Court.

Respectfully submitted, this 15th day of May 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 15th day of May 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff