# Re: FW: Activity in Case 1:21-cv-00047-LM Coronavirus Reporter v. Apple, Inc. Cure Notice - Action Requested

1 message

**Keith Mathews, Esq.** <keith@aaone.law>　　　　　　　　　　　Thu, May 13, 2021 at 7:50 AM
To: "Goodman, Martha" <mgoodman@paulweiss.com>
Cc: "Phillips, Jessica E" <jphillips@paulweiss.com>, "Allyson L. Moore" <amoore@sulloway.com>, Kevin O'Shea <koshea@sulloway.com>

Counsel,

I am writing to request your cooperation in streamlining unnecessary burden on the New Hampshire District Court by eliminating moot and/or erroneously raised issues in your recently filed Motion to Dismiss the Second Amended Complaint (MTDSAC). As I am sure you are aware, this matter is of national significance, and any arguments Apple raises, with or without merit, moot or not moot, result in substantial taxpayer funded adjudication. We believe there is a high probably of unnecessary workload on the Court that will stem from your MTDSAC, and this is easily avoidable by simple stipulation.

The MTDSAC almost entirely is based on the incorrect assumption that Five Unnamed Apps do not have, and will never have, standing to sue. Based on the SAC factual history of Congressional reports of "tyranny" and documented retaliation against *Epic* and other litigants, we feel the Court has cause for these developers to proceed anonymously. Even if the Court does not, at least three of these entities are willing to accept the risk trade-off and immediately proceed as named parties. Alternatively, these three parties are willing to enter a merger or IP acquisition agreement with Coronavirus Reporter so as to have their apps represented directly by the Lead Plaintiff. Finally, and we request as such, Apple may agree by stipulation to waive this side-show re the standing of these apps. By stipulating as such, Apple saves the court a vast amount of time weighing this trivial issue and a sure-to-be moot MTDSAC. We hope Apple can agree to enter into such a simple stipulation so as to substantially reduce unnecessary burden on the Court. In exchange for Apple's goodwill and cooperation, my clients will grant Apple twenty days to file an answer to the SAC, including all claims applicable to the Five Unnamed Apps.

Furthermore, I am concerned about false and erroneous arguments you have presented to the Court, which also render the MTDSAC largely moot or invalid,

when viewed in light of the First Circuit's *Evergreen* holding that the District Court is not a factfinder at this stage in the litigation.

    a) The assertion that no anticompetitive harm was alleged is plainly erroneous, false, and/or intended to create unnecessary delay and workload for the Court. Coronavirus Reporter plainly alleges that "all startups" were banned from contributing to the COVID effort. This was not unilateral injury to Coronavirus Reporter – clearly, as Dr Roberts even remarked to CNBC, Apple's decision to ban medical startups has no place in history and should have no place in the future. The SAC has at least EIGHT(8) assertions as to this entire marketplace of competition that was harmed for COVID startups. I am personally aware of three COVID startup apps that were harmed – this is not individual harm, but broad marketplace deterioration. We hope you will kindly acknowledge this error and retract it.

    b) The MTDSAC falsely describes "hodgepodge" "cobbled together" and copied and pasted causes of action, so numerous as to constitute "scattershot." Our FAC had an entirely original antitrust theory, namely, "smartphone enhanced commerce flow over the national internet backbone." In response to a trivial MTDFAC, and hoping to save Court resources, we "incorporated by reference" a well-known Kodak downstream theory used by Cameron, Epic, and the Yale paper cited in our Complaint. As such, our MTD has *two* baseline theories, our own smartphone enhanced internet work product, and the Kodak theory. The SAC was clear we weren't re-inventing the wheel, but doing so to be "redundant" and avoid a frivolous MTDSAC for "failure to state a claim", when this claim is indeed everywhere from congress to Yale papers to other lawsuits. Your arguments suggesting some form of carelessness – false in light of what you know was our intent, and meant to delay litigation – were immediately picked up by the national press. Again, to avoid unnecessary workload for the Court, we request that you retract this argument.

    c) Your interchangeability product elastic-demand argument is likewise false or erroneous. Essentially, it seems you assert the SAC needed to name Android, Blackberry, Microsoft, and any other smartphone manufacturers. This "mechanical" pleading requirement is inappropriate per *Evergreen*. Moreover, Android is indeed mentioned in the SAC, and Exhibit C contains ALL of the products you assert should be mentioned. This argument should be immediately retracted to avoid unnecessary burden on the Court.

    d) Similarly, the essential facilities argument fails because the developers in this lawsuit and proposed class were plainly denied access to the smartphone enhanced internet backbone. The SAC only concedes that access to the raw backbone is possible via web browser. Most smartphone enhancements are obviously not accessible via web browser. Moreover, as Exhibit C shows, 90% of customers prefer local apps to browser experience, to the point that denial of

> an app is akin to denying access. In any case, per *Evergreen*, this is fact-finding, and inappropriate to present to the judge at this stage.

In light of pending Court scheduling, we respectfully request your client's assent and explanation no later than end-of-day Friday May 14. We will Notice this letter, "Notice of Unwillingness to Cooperate to Reduce Unnecessary Burden to The New Hampshire District" to the docket in the case no assent or valid rebuttal is provided to us.

Regards,

Keith