UNITED STATES DISTRICT COURT
FOR THE NEW HAMPSHIRE DISTRICT

| | |
|---|---|
| CORONAVIRUS REPORTER and<br>FIVE UNNAMED APPS<br>On behalf of themselves and all others similarly situated<br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>APPLE INC.<br>　　　　　　　　　　　　　　　Defendant. | Case 21-cv-47-LM<br><br>**MOTION FOR<br>RECONSIDERATION<br>REPLY** |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Apple's objection unambiguously concedes that Ninth Circuit precedent is not binding on this case and this Court, and therefore, Defendant's underlying motion for venue transfer is fatally estopped under the doctrine of judicial estoppel.

As background, this pending motion seeks reconsideration of 1) the "setting aside" of Plaintiffs' Class Action SAC and 2) the granting of a venue transfer to California. Though captioned as an order granting Defendant Apple's motion pursuant to 28 U.S.C. § 1404(a), the order contained additional *sua sponte* components setting aside the SAC, or "cancelling without striking" it in a procedural manner nowhere to be found in the FRCP. Plaintiffs had no advance opportunity to object. Plaintiffs are unaware of any procedural operation in the Federal Rules of Civil Procedure allowing the Court to roll back to the FAC, when the SAC is docketed.

Defendant Apple now argues, and rather incredulously so, that Ninth Circuit authority is not binding in this matter. Apple has intentionally delayed filing a long overdue answer by filing

no less than five frivolous motions, including two *expedited emergency* motions, demanding a hometown California venue. For Apple to now argue California law does not apply, just because it suits them to avoid activating the SAC – believed to be the largest putative class action in history – is not only disingenuous, it is barred by the doctrine of judicial estoppel. Because Apple now requests application of First Circuit authority, under judicial estoppel the underlying venue transfer motion must be cancelled and the case must proceed to discussion on the merits. Previously, Apple falsely claimed that a venue selection clause, never signed by Coronavirus Reporter, invoked California Ninth Circuit law. Hence Plaintiffs reply herein propounds the need for reconsideration and/or First Circuit interlocutory intervention.

The doctrine of judicial estoppel was developed in *Hamilton v. Zimmerman*, 37 Tenn. 39 (Tenn. 1857) by the Tennessee Supreme Court, which intended to "uphold the proper reverence for the sanctity of the oath." In short, the doctrine states that a party can't "have it both ways:" a party is estopped from taking a position that is contrary to a position it has taken in earlier legal proceedings. This theorem surfaces in cases involving defendants frequently hauled into court, or prolonged litigation. The doctrine is now recognized by the majority of circuits. The United States Supreme Court, in *New Hampshire v. Maine*, 532 US 742 (2001) elucidated the following elements for judicial estoppel:

1) The party's position is clearly inconsistent with a prior position,
2) Acceptance of the inconsistent position would yield a perception of bias or a misled court,
3) An unfair advantage flows to the party if not estopped, and
4) The inconsistency was not a mistake or inadvertence.

Here, there can be little doubt that Apple's stupefying inconsistency is not accidental. On one hand, Apple's counsel claims that a forum selection clause mandates California law, and on the other hand, to barricade a $200 billion putative class action from becoming operative, Apple counsel now argues that First Circuit law governs. The impression of bias and/or a misled court is a serious concern if the important revisions of the SAC are "set aside" under purported First Circuit holdings, while meanwhile a venue transfer is justified by California law.

Entire cases have been dismissed due to judicial estoppel. As Loyola of Los Angeles Law Review remarks, it is "shame on the poor lawyer who has a case dismissed *sua sponte* by a court on a grounds that the lawyer has never even heard of." <u>The Judiciary Says, You Can't Have it Both Ways: Judicial Estoppel—a Doctrine Preventing Inconsistent Positions (1996),</u> page 324. But Apple, who has treated with disdain Plaintiffs, notably a physician who saved countless heart attack victims, shouldn't get another free pass simply because their lawyer didn't understand the concept. Because Apple has inconsistently argued that both First Circuit and California law apply to this lawsuit, under the principle of judicial estoppel, deference should go to Plaintiffs' assertion, namely First Circuit/New Hampshire.

Opposing counsel found it remarkable that Plaintiffs cited *Ramirez* as the lone supporting case. That is because the circuits are not "split" on the right to amend as a matter of course, which counsel incorrectly suggests. *Ramirez* is indeed apparently the sole circuit case to explain that FRCP(a)(1) and FRCP(a)(2) amendments require no specific sequence under a "not ambiguous" FRCP 15. The other cases cited by Apple, while numerous, all contain different sets of facts, and different holdings. For convenience of the Court, Plaintiff iterates through the key differences of these inapplicable cases. In *Glaros,* the Plaintiff had already filed the FAC as a "matter of course," and had passed the deadline for the proposed SAC – but the First Circuit

nonetheless remanded the case for the District Court to ascertain the reason for delay. In *Yoo*, a Defendant filed an answer, which prevented a later amendment as a matter of course. And, in *Elliott*, the Court had already directed the Plaintiff to remedy deficiencies, so *Elliott* didn't get another amendment as a matter of right. Apple has presented no case law refuting the *Ramirez* holding that "a party does not need to exhaust the right to file an amended complaint once as a matter of course under Federal Rule of Civil Procedure (FRCP) 15(a)(1) before amending based on the opposing party's written consent or leave of the court under FRCP 15(a)(2)."

Apple has shown contempt towards the Plaintiffs throughout this litigation. They attempted to name five unnamed Plaintiffs, without following proper procedure to object to anonymous standing. They constantly insult Coronavirus Reporter, just last week falsely accusing it of "gamesmanship," and Rule 11 sanctions will be requested at the appropriate time. Apple derided Plaintiff's initial Sherman claims as "grandiose," only to see on the final day of the *Epic* trial, Judge Gonzalez Rogers questioned both parties' marketplace definition, pondering a broader definition not unlike Plaintiff's "grandiose" definition.[1] For some peculiar reason Apple treats this small start-up, lead by a renowned cardiologist who simply wanted to help with SARS-CoV-2 back in February 2020, a month before it was even designated a pandemic, with disdain. It is time this Court reels in Apple's inconsistent, opportune at-the-moment pleadings, which now, as a matter of law, must be estopped.

---

[1] On the final day of the *Epic* Bench Trial, Judge Gonzales Rogers questioned *both sides* whether or not the Kodak downstream theory was the best theory to pursue, or a broader definition, which she proposed as "all smartphone games." Plaintiff – six months ago – asserted "all smartphone enhanced internet commerce," of which Apple controls 80%, as the correct marketplace definition, or alternatively, all COVID smartphone apps. It would seem the emerging application of Sherman law to Big Tech points towards a market definition that doesn't stray too far from Plaintiff's "grandiose" idea. In any case, this refinement can occur up until the last day of trial; certainly Plaintiffs have stated a valid marketplace definition in their claims. Apple's accepted a marketplace definitions in one case, but filed contradictory motions in this case asserting the same marketplace definition fails to "state a claim." This pattern of litigation dishonesty likely warrants further use of the rarely needed judicial estoppel procedure formulated in 1857. Apple's inconsistent, dilatory tactics must cease or Rule 11 sanctions will be demanded.

Apple's objection persists with the misguided notion that Plaintiff Coronavirus Reporter somehow signed the DPLA, and that "gamesmanship" is hiding its identity with Calid, Inc. Both statements, when discovery proceeds, will be shown to be without merit. The SAC's only mention of DPLA is found in Paragraph 220, which states that "Apple has induced and coerced developers, like the Plaintiffs, and proposed class members" to sign the DPLA. The claim merely asserts that Apple tries to coerce developers to sign a monopolistic contract. It hardly concedes that Apple is successful in getting all developers – and all Plaintiffs and class members – to sign the DPLA. Coronavirus Reporter did not sign the DPLA. Moreover, CALID, which stands for "calendar identifier," is a scheduling company. Its corporate mission statement has nothing to do with SARS-CoV-2. Moreover, it was founded in 2016 by a well-known Dartmouth and Harvard philanthropist who is completely unknown to Dr Robert Roberts. Discovery will reveal the *force majeure* conditions that may have caused Calid to conduct *one single transaction* as an emergency measure.

Apple has proffered no case law supporting the "setting aside" of the SAC, which was the first-to-file a class action representing and protecting the interests of small developers. It did so by creating a proposed class for developers of free apps, and a proposed class for developers who paid a $99 annual tax, which no other class action currently protects. Because the *Epic* case has completed, and the *Cydia* case may be subject to statute of limitations termination, there is even less justification to transfer to Northern California than before.

For the foregoing reasons, there is little question the order dated May 14, 2021 contains manifest error. An interlocutory appeal is appropriate when an order effectively is unreviewable from a final judgement. Here, the idea of going through discovery and a trial, but not being allowed to bring causes of action on behalf of five unnamed plaintiffs, not to mention a class of

millions of developers, is asinine. The SAC is sitting on the docket in an unknown form of operation. Plaintiff is aware of no controlling FRCP or case law allowing such takedown of a properly filed SAC. Apple, a defendant with nearly unlimited resources, just last week hired litigation firm Gibson Dunn to assist defending these claims that will, despite lots of early motion practice, be presented to a jury.  This is a clear and compelling situation for an interlocutory appeal, and a stay while the matter is under review. For these reasons, it is respectfully requested the Court immediately cancel the order dated May 14, 2021, because Apple has argued that the First Circuit is the correct governing authority for this lawsuit. An answer and Rule 16 Scheduling Conference should ensue, without delay, so that the Plaintiffs and class members may be adequately protected as the Federal Rules of Civil Procedure dictate. WHEREFORE The Plaintiffs request that their motion to reconsider be granted.

Respectfully submitted, this 7th day of June 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 7th day of June 2021.

        /s/ Keith Mathews
        Keith Mathews
        Attorney for Plaintiff