IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coronavirus Reporter and<br>Five Unnamed Apps, on behalf of themselves<br>and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>Apple Inc.,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-00047-LM |

## **DEFENDANT APPLE INC.'S MOTION TO STRIKE DOCUMENT 36**

Apple Inc. ("Apple"), by and through its attorneys, Sulloway & Hollis, PLLC and Paul, Weiss, Rifkind, Wharton & Garrison LLP, moves this Court under Local Rules 7.1(e)(2) and 7.2(b) to strike Document 36, which purports to be Plaintiffs'[1] Reply in support of their Motion for Reconsideration (ECF No. 36, the "Reply"). The Reply is both unauthorized and overlong. On May 15, 2021, Plaintiffs filed their Motion for Reconsideration (ECF No. 34, the "Motion"), requesting this Court to reconsider its order transferring this case to the Northern District of California (ECF No. 33, the "Transfer Order"). On June 1, 2021, Apple filed its Opposition to Plaintiffs' Motion (Apple's "Opposition"). ECF No. 35. On June 7, 2021, Plaintiffs filed their purported Reply to Apple's Opposition (ECF No. 36) without first seeking the Court's leave to do so, which is required when a reply is offered in support of a nondispositive motion. LR 7.1(e)(2). Accordingly, Apple respectfully requests that this Court strike Plaintiffs' unauthorized Reply. In support of this motion, Apple states as follows:

---

[1] Apple uses the term "Plaintiffs" in this motion solely as a shorthand to identify "Coronavirus Reporter and the Five Unnamed Apps." The so-called "Five Unnamed Apps" are not properly before the Court as plaintiffs, for the reasons explained in Apple's motion to dismiss and opposition to Plaintiffs' motion for reconsideration. *See* ECF No. 32-1, at 8–10; ECF No. 35 at 12 n.5.

1

1. Local Rule 7.1(e)(2) provides: "A memorandum in reply to an objection or opposition to a nondispositive motion shall not be permitted without prior leave of court. Any motion for leave to file such a reply . . . shall attach the proposed reply, which will be limited to five (5) pages, as an exhibit."

2. A motion is dispositive if it "disposes of a party's claim or defense." *Rubin v. Smith*, 882 F. Supp. 212, 216 (D.N.H. 1995). In contrast, a nondispositive motion does not "address[] the merits of the parties' claims." *Id.* at 217.

3. Plaintiffs' Motion to Reconsider the Transfer Order is a nondispositive motion. As numerous courts have indicated, a decision to transfer a case, or to reconsider that decision, does not dispose of any party's claims or defenses. *See McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 340 (D.R.I. 1994) ("a motion to transfer venue is a nondispositive motion"); *cf. BMJ Foods P.R., Inc. v. Metromedia Steakhouses Co., L.P.*, 562 F. Supp. 2d 229, 231 (D.P.R. 2008) ("non-dispositive matters," including "motion to transfer venue . . . pursuant to 28 U.S.C. § 1404(a)," were referred to magistrate judge for resolution); *Wai Feng Trading Co. Ltd v. Quick Fitting, Inc.*, C.A. No. 13-33S, 2016 WL 11653455, at *1 n.2 (D.R.I. Feb. 18, 2016) ("motion for reconsideration is a nondispositive motion" (citing *Powell v. CREDO Petroleum Corp.*, No. 09-CV-01540-WYD-KLM, 2011 WL 2565490, at *2 (D. Colo. June 29, 2011))); *see also* LR 7.2(d) (authorizing motions to reconsider "an *interlocutory* order of the court," and distinguishing such motions from motions to alter a final judgment or request a new trial (emphasis added)). Here, in particular, the Court clarified in its Transfer Order that it was making no decision on the merits and instead was "assum[ing] the truth of plaintiff's allegations." Transfer Order at 7 n.5.[2]

4. Because Plaintiffs' Motion was nondispositive, Plaintiffs' Reply in support of their

---

[2] Although Plaintiffs assert that the Transfer Order "blocked" the Five Unnamed Apps from "joinder to this important matter," Pls.' Mot. at 3, those Apps were never proper parties to this action. *See supra* note 1.

Motion had to comply with Local Rule 7.1(e)(2).

5. Plaintiffs' Reply, however, violated Local Rule 7.1(e)(2) in two ways. First, Plaintiffs failed to file a "motion for leave to file such a reply," instead impermissibly filing their Reply "without prior leave of court." LR 7.1(e)(2). Second, Plaintiffs exceeded the five-page limit for replies in support of nondispositive motions. *Id.*; ECF No. 36.

6. Courts in this District have held that failure to comply with Local Rule 7.1(e)(2) warrants striking the reply. *E.g.*, *Zibolis-Sekella v. Ruehrwein*, 2013 DNH 107, 2 (D.N.H. Aug. 8, 2013); *Lagasse v. Berryhill*, 2018 DNH 121, 3 n.1 (D.N.H. June 14, 2018); *cf. Laurendeau v. Sheet Metal Workers' Local 17C-NH Pension Tr.*, 2006 WL 2990464, at *7 (D.N.H. Oct. 19, 2006).

7. Apple therefore respectfully requests that the Court strike Document 36 for failure to comply with Local Rule 7.1(e)(2). In the alternative, should this Court deny Apple's motion to strike, Apple respectfully requests leave to file a surreply in response to Plaintiffs' Reply, to be filed no more than three days after any denial of Apple's motion to strike.

8. No memorandum of law is necessary in connection with this motion, as the relief requested is within the sound discretion of the Court. *See* LR 7.1(a)(2).

9. In accordance with Local Rule 7.1(c), Apple sought assent from Plaintiffs' counsel Keith Mathews, Esquire, in good faith, and did not receive his assent.

WHEREFORE, Apple requests that this Honorable Court:

    A. Grant this motion to strike Document 36 or, should the Court deny Apple's motion to strike, grant Apple leave to file a surreply to be filed no more than three days after any such denial; and

    B. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted, this 11th day of June, 2021,

APPLE INC.
By and through its attorneys,

By: /s/ Kevin M. O'Shea_____

| SULLOWAY & HOLLIS, PLLC | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| Kevin M. O'Shea, Esquire | Jessica E. Phillips, Esquire |
| New Hampshire Bar No. 15812 | Admitted Pro Hac Vice |
| Allyson L. Moore, Esquire | Martha L. Goodman, Esquire |
| New Hampshire Bar No. 272208 | Admitted Pro Hac Vice |
| 9 Capitol Street | 2001 K Street, NW |
| Concord, New Hampshire 03301 | Washington, DC 20006-1047 |
| (603) 223-2800 | (202) 223-7300 |
| koshea@sulloway.com | jphillips@paulweiss.com |
| amoore@sulloway.com | mgoodman@paulweiss.com |

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

Counsel for Coronavirus Reporter
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH 03105
(603) 622-8100
keith@aaone.law

Date: June 11, 2021        By: /s/__Kevin M. O'Shea_____