IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coronavirus Reporter and<br>Five Unnamed Apps, on behalf of themselves<br>and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>Apple Inc.,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-00047-LM |

## DEFENDANT APPLE INC.'S SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Plaintiffs'[1] Reply (ECF No. 36) is based on a fundamental misunderstanding of Defendant Apple Inc.'s ("Apple") meritorious motion to transfer this case to the Northern District of California ("Northern District"), as well as a fundamental misunderstanding and misapplication of the judicial estoppel doctrine. Plaintiffs wrongly contend that, because Apple argued that a forum-selection clause mandates transfer of this action to the Northern District, Apple is judicially estopped from arguing the unremarkable, and uncontroverted, black-letter-law position that First Circuit authority binds this Court. Because Apple's positions in this litigation are perfectly consistent, the judicial estoppel doctrine does not apply. Plaintiffs' other arguments on reply, to the extent even relevant, are meritless or else waived.

First, judicial estoppel simply does not apply here. Judicial estoppel is an "equitable doctrine that 'prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier

---

[1] Apple uses the term "Plaintiffs" in this motion solely as a shorthand to identify "Coronavirus Reporter and the Five Unnamed Apps." The so-called "Five Unnamed Apps" are not properly before the Court as plaintiffs, for the reasons explained in Apple's motion to dismiss and opposition to Plaintiffs' motion for reconsideration. *See* ECF No. 32-1, at 8–10; ECF No. 35, at 12 n.5.

{C2277628.1 }    1

court proceeding.'" *RFF Family P'ship, LP v. Ross*, 814 F.3d 520, 527 (1st Cir. 2016) (alteration in original) (quoting *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010)). The judicial estoppel doctrine is "applied with caution to avoid impinging on the truth-seeking function of the court." *Fox v. Ocwen Loan Servicing, LLC*, 2017 DNH 147, 10 (quoting *Perry*, 629 F.3d at 11). Three conditions "must be satisfied to impose judicial estoppel: (1) the earlier and later litigation positions of the party to be estopped must be clearly inconsistent; (2) that party must have persuaded the court to adopt and rely on the earlier position; and (3) that party must stand to gain an unfair advantage if the new position is adopted by the court." *Id.* at 6 (citing *RFF*, 814 F.3d at 528).

Plaintiffs do not and cannot establish any of these elements. As to the first element, Plaintiffs appear to argue that, because Apple sought to transfer this case to the Northern District, where Ninth Circuit law would eventually control, Apple took an inconsistent position in opposing the motion for reconsideration when arguing that Ninth Circuit authority is not binding on this Court. Reply at 1–2. That is wrong. It is black-letter law that First Circuit authority is binding on courts in the First Circuit, including this Court, with respect to federal law. *See Alberg v. Foss Motors, Inc.*, 2018 DNH 232, 14 (explaining that only First Circuit cases were "binding on this court"); *Eulitt ex rel. Eulitt v. Maine, Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority."); *Fed. Energy Regul. Comm'n v. Silkman*, 2019 WL 2619520, at *4 (D. Me. June 26, 2019) ("[A] district court owes its allegiance to binding authority from its controlling circuit court."). Nowhere did Apple argue that Ninth Circuit law was binding on the Court's transfer analysis, as Plaintiffs assert, without citation to where in Apple's briefing Apple allegedly made this argument. *See* Reply at

1–2.[2]

As to the second element, in granting the motion to transfer, this Court nowhere "adopt[ed] and rel[ied] on" any argument that Ninth Circuit authority was binding on it. *Fox*, 2017 DNH 147, 6. Apple's brief in support of that motion relied extensively on First Circuit law, *see generally* ECF No. 19-1, and the Court likewise relied extensively on First Circuit authority in concluding that the DPLA's mandatory forum-selection clause required transfer to the Northern District, *see* Transfer Order, ECF No. 33, at 8–15. And as to the third element, Apple will not gain any unfair advantage if this Court continues to apply binding First Circuit authority.

Finally, Plaintiffs' Reply improperly raises new arguments about the *Epic* trial and Calid Inc., which Plaintiffs do not dispute submitted the Coronavirus Reporter app for possible distribution on the App Store. *See* Reply at 4–5. Arguments first raised on reply "may not be considered." *Z.B. ex rel. Kilmer v. Ammonoosuc Cmty. Health Servs., Inc.*, 2004 WL 1561292, at *2 (D.N.H. Apr. 22, 2004); *see also Rowe v. Liberty Mut. Grp., Inc.*, 2014 WL 12623058, at *2 (D.N.H. Feb. 27, 2014) (noting that "this court ordinarily ignores arguments provided for the first time in a reply memorandum"); *Pukt v. Nexgrill Indus., Inc.*, 2016 DNH 085, 12 n.2 (same). In any event, nothing in Plaintiffs' Reply changes the fact that Coronavirus Reporter is bound by the DPLA's forum-selection clause, as are the Five Unnamed Apps, even assuming the SAC is the operative complaint. *See* Apple's Opp. to Pls.' Mot. for Reconsideration, ECF No. 35, at 8–13 (explaining that the SAC itself supports transfer and did not "moot" Apple's motion to transfer venue).

---

[2] Plaintiffs also appear to manufacture an inconsistency where none exists in contending that, because Apple argued in its motion to transfer that the contracts at issue here are governed by California state law, it then took an inconsistent position in noting that federal Ninth Circuit law is not binding on this Court. *See* Reply at 2; *id*. at 3 (claiming Apple previously argued that the "forum selection clause mandates California law"). But Plaintiffs fail to explain how the fact that California *state* law governs the contract claims here—a point Coronavirus Reporter conceded, *see* ECF No. 23, at 5 (conceding that "California contract law applies for sure")—means that Ninth Circuit law binds this Court on matters of *federal* law and procedure.

For the foregoing reasons and those set forth in Apple's opposition brief, Apple respectfully requests that this Court deny Plaintiffs' motion for reconsideration and alternative request for a stay.

Respectfully submitted, this 22nd day of June, 2021,

APPLE INC.
By and through its attorneys,

By: /s/ Kevin M. O'Shea

| SULLOWAY & HOLLIS, PLLC | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| Kevin M. O'Shea, Esquire<br>New Hampshire Bar No. 15812<br>Allyson L. Moore, Esquire<br>New Hampshire Bar No. 272208<br>9 Capitol Street<br>Concord, New Hampshire 03301<br>(603) 223-2800<br>koshea@sulloway.com<br>amoore@sulloway.com | Jessica E. Phillips, Esquire<br>Admitted Pro Hac Vice<br>Martha L. Goodman, Esquire<br>Admitted Pro Hac Vice<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>(202) 223-7300<br>jphillips@paulweiss.com<br>mgoodman@paulweiss.com |

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed through the ECF/CM system and will be sent to all parties of record through ECF/CM.

Counsel for Coronavirus Reporter
Keith Mathews, Esquire
Associated Attorneys of New England
P.O. Box 278
Manchester, NH 03105
(603) 622-8100
keith@aaone.law

Date: June 22, 2021        By: /s/_Kevin M. O'Shea

{C2277628.1}                             4