UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Coronavirus Reporter, et al.

    v.                                                        Civil No. 21-cv-047-LM
                                                                  Opinion No. 2021 DNH 106 P

Apple, Inc.

**O R D E R**

Plaintiff Coronavirus Reporter brought this antitrust action against defendant Apple, Inc. ("Apple"), alleging that Apple exercises monopoly power over the mobile device application market, uses its monopoly power to require developers of such applications to enter contracts in restraint of trade, and breached its contract with Coronavirus Reporter by refusing to allow Coronavirus Reporter to distribute an application through Apple's iOS App Store.  The court granted Apple's motion to transfer this action to the Northern District of California.  Coronavirus Reporter moves for reconsideration of the court's transfer order.  Apple objects.

**LEGAL STANDARD**

To succeed on a motion to reconsider, the moving party must show "that the order was based on a manifest error of fact or law."  L.R. 7.2(d).  In this context, a manifest error is one that is "plain and undisputable, obvious, or clearly wrong." Harley-Davidson Credit Corp. v. RASair, LLC, No. 12-CV-374-LM, 2014 WL 7149779, at *2 (D.N.H. Dec. 15, 2014) (citation omitted).  While the court has

authority to reconsider its orders, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Fábrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F3d 26, 31 (1st Cir. 2012) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).  "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court [previously].'" Id. (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Reconsideration will not be granted based on new arguments or arguments previously presented but rejected.  See D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., No. 17-CV-747-LM, 2020 WL 1517060, at *1 (D.N.H. Mar. 30, 2020) (citation omitted).

## PROCEDURAL BACKGROUND

Coronavirus Reporter filed its original complaint on January 19, 2021, and, with leave of court to do so, filed its first amended complaint on March 4, 2021. Apple filed its motion to transfer this action to the Northern District of California on March 11, 2021.  On April 26, 2021, Coronavirus Reporter, together with five unidentified additional plaintiffs, filed its second amended complaint without first obtaining leave of court or Apple's consent.

On May 14, 2021, the court granted Apple's motion to transfer.  In a footnote to its order, the court stated as follows:

> Because [Coronavirus Reporter] did not first request or receive either leave of court or Apple's consent before [filing the second amended complaint], as is required under Federal Rule of Civil Procedure 15(a), the filing was not effective to amend [Coronavirus Reporter]'s complaint. Accordingly, the court construes the first amended complaint (doc. no. 17) as [Coronavirus Reporter]'s operative pleading. However, because the document styled as the second amended complaint contains [Coronavirus Reporter]'s most fully developed account of the facts underlying its claims, the court considers its allegations in stating the factual background.

Doc. no. 33 at 6, n. 1.

Largely in reliance on the allegations of the second amended complaint (together with one allegation contained in both the original and first amended complaints but omitted from the second amended complaint), the court found that Coronavirus Reporter had entered into an agreement with Apple, that the agreement contained a mandatory forum selection clause, and that the clause governed the claims in this lawsuit. The court further found that Coronavirus Reporter had not met its burden to show that applicable public-interest factors overwhelmingly disfavored transfer, and accordingly granted Apple's motion.

Plaintiffs filed their motion for reconsideration on May 15, 2021. Plaintiffs' primary assignment of error is that the court incorrectly construed the first amended complaint as the operative pleading in this action. Plaintiffs then argue that, in consequence of that error, the court further erred in two additional ways. First, plaintiffs argue that the court erred in failing to find that the filing of plaintiff's second amended complaint mooted Apple's motion to transfer. Second, plaintiffs argue that the court erred in finding that Coronavirus Reporter was bound by the forum selection clause contained in Apple's Developer Program

3

License Agreement (the "License Agreement"). In the alternative to reconsideration, plaintiffs request that the court grant a stay of these proceedings to permit them to file an interlocutory appeal of the court's transfer order.

## DISCUSSION

I.   The Court's Order Was Not Based on Manifest Error of Fact or Law

Plaintiffs argue that the court manifestly erred in stating that Coronavirus Reporter required either leave of court or Apple's consent before it could file its second amended complaint. In support, plaintiffs cite a decision of the Ninth Circuit—Ramirez v. County of San Bernardino, 806 F.3d 1002 (9th Cir. 2015)—and no other authority. The Ramirez court reasoned as follows:

> Th[e] question before this court is whether [Ramirez] was allowed to file a Second Amended Complaint as a matter of course under [Federal Rule of Civil Procedure] 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment. We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase "in all other cases" does not indicate that it chronologically follows 15(a)(1). Indeed, it does not even hint that there is a timing component to the operation of this Rule. Rather, it plainly provides an alternative to the methods available under 15(a)(1). Hence, we conclude that a plaintiff may amend in whatever order [it] sees fit, provided [it] complies with the respective requirements found within 15(a)(1) and 15(a)(2).

Ramirez, 806 F3d at 1007.

4

This court is not bound by the decisions of the Ninth Circuit. See McLaughlin v. Unum Life Ins. Co. of Am., 212 F.R.D. 40, 42 n. 2 (D. Me. 2002) (citing Clifford v. M/V Islander, 882 F.2d 12, 14 (1st Cir. 1989)). As a general rule, citation to nonbinding authority is insufficient to demonstrate "manifest" error of law. United States v. Flores-Mora, No. 18-CR-160-01-JL, 2019 WL 2647102, at *1 (D.N.H. June 26, 2019). By citing exclusively nonbinding authority, plaintiffs have failed to meet their heavy burden to demonstrate that the court committed manifest error. See id.

Setting aside plaintiffs' failure to meet their burden for reconsideration, the court notes that First Circuit jurisprudence construing Federal Rule of Civil Procedure 15(a)(1) does not clearly establish that the court erred. In Glaros v. Perse, 628 F2d 679 (1st Cir. 1980), the First Circuit held that a plaintiff's entitlement to amendment as of right is extinguished when a plaintiff files a first amended complaint. See id. at 686.[1] And in United States ex rel. Poteet v. Bahler Med., Inc., 619 F3d 104, 116 (1st Cir. 2010), the First Circuit stated that a plaintiff "may amend its complaint more than once only with the opposing party's written consent or the court's leave." See id. at 116 (citations and internal quotation marks

---

[1] As recently as 2019, a district court has cited Glaros, among other cases, as persuasive authority for the proposition that a plaintiff who has already once filed an amended complaint may not further amend its pleading as of right under Rule 15(a)(1). See Yoo v. BMW Mfg. Co., LLC, No. CV71703499TMCSVH, 2019 WL 1416882, at *3 n. 4 (D.S.C. Mar. 29, 2019).

omitted). The First Circuit does not appear to have since overturned or abrogated the rule of law articulated by the Glaros and Poteet courts.[2]

Even assuming, however, that the court erred in construing the first amended complaint as the operative pleading in this action, to correct that error would have no effect on the court's resolution of Apple's motion to transfer. Accordingly, and for the following reasons, reconsideration is not warranted. See L.R. 7.2(d).

First, the court disagrees with plaintiffs' argument that the second amended complaint necessarily mooted Apple's motion to transfer venue. Courts to have considered the issue have routinely found that an amended complaint does not ordinarily moot a motion to transfer venue and that district courts have discretion to apply an earlier-filed transfer motion to a later-filed complaint. See, e.g., Searsboro Tel. Co., Inc. v. Qwest Commc'ns Co., LLC, No. 09-cv-1116, 2009 WL

---

[2] In United States ex rel. D'Agostino v. EV3, Inc., 802 F3d 188 (1st Cir. 2015), the First Circuit observed that "a party is entitled to amend once as a matter of course" under Rule 15(a)(1), id. at 192 (citation and internal quotation marks omitted) and affirmed that the plaintiff-appellant was not entitled to file a fourth amendment as of right. The Circuit based its reasoning not on the ground that there had been three previous amendments, but rather on the ground that there had been one previous amendment as of right, see id. at 192-193. However, the previous amendment as of right was the first amendment of the plaintiff-appellant's pleading. As a result, it is unclear whether the D'Agostino court tacitly adopted a construction of Rule 15(a)(1) consistent with the Ninth Circuit's holding in Ramirez. And while the court acknowledges that the decision of the District of Massachusetts in Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd., No. 16-CV-11458-DJC, 2017 WL 3795769, at *3 (D. Mass. Aug. 30, 2017), appears to stand for the proposition that a prior amendment with leave of court does not extinguish a plaintiff's entitlement to amendment as of right under Rule 15(a)(1), that decision is not binding on this court.

10703429, at *1 (D.D.C. Aug. 5, 2009); WowWee Grp. Ltd. v. Wallace, No. CV–12–2298–MWF, 2012 WL 13013022, at *1 (C.D. Cal. Jun. 27, 2012); see also 28 U.S.C. § 1404(a) (authorizing sua sponte venue transfer where appropriate in the absence of a motion filed by a party).  The second amended complaint adds additional counts for violations of Sections 1 and 2 of the Sherman Act and states its claims on behalf of additional parties allegedly harmed by the same conduct described in the first amended complaint.  However, it contains no allegations that would alter the court's analysis under Section 1404(a).  See 28 U.S.C. § 1404(a).  Plaintiffs advance no persuasive reason why this court should formalistically deny Apple's motion to transfer when it would grant an identical motion filed one day after plaintiffs' second amended complaint.  Accordingly, the filing of the second amended complaint's filing did not require Apple to refile its motion to transfer before the court could properly consider its merits.

    Second, because the court expressly relied on the allegations of the second amended complaint in finding that Coronavirus Reporter agreed to be bound by the License Agreement, see doc. no. 33 at 6, n.1, its treatment of the first amended complaint as the operative pleading had almost no impact on the transfer analysis.  In particular, the second amended complaint contains allegations that plaintiffs are bound by the License Agreement, see doc. no. 27, ¶¶ 87, 219-220, 232, 234, 252, 261, and that plaintiffs are typical representatives of a class of developers all of whom likewise agreed to be bound by the License Agreement, see id., ¶¶ 158, 162.  The fact that the court also relied on a single allegation from the prior complaints that

was omitted from the second amended complaint—specifically, that Coronavirus Reporter previously transacted business as "Calid," the entity that apparently submitted Coronavirus Reporter's application to Apple for review—does not change the fact that the allegations of the second amended complaint lend strong support to the court's ruling.

Similarly, nothing in the second amended complaint constitutes grounds for disturbing the court's finding that the claims in this lawsuit are within the scope of the License Agreement's forum selection clause. As the court noted, because a developer's agreement to be bound by the License Agreement "was a prerequisite to Apple's consideration of plaintiff's app for distribution through the App Store," the conduct "underlying [Coronavirus Reporter]'s claims would not have occurred but for the License Agreement and the relationship it created." Doc. no. 33 at 12. That syllogism applies with equal force to the unidentified parties listed as additional plaintiffs in the second amended complaint (as well as to the proposed class of developers allegedly harmed by Apple's contractual arrangements), all of whom are alleged to have agreed to be bound by the License Agreement.

For these reasons, plaintiffs' motion for reconsideration is denied.

II.     Certification for Interlocutory Appeal is Not Warranted

In the alternative to reconsideration, plaintiffs request that the court "grant counsel time to file an interlocutory appeal before transferring away from this district." Doc. no. 34 at 3. Any such interlocutory appeal would require this court to

certify its order as appropriate for interlocutory review. See 28 U.S.C. § 1292(b);[3] see also, Codex Corp. v. Milgo Elec. Corp., 553 F2d 735, 737 (1st Cir. 1977); Edwards v. First Am. Title Ins. Co. of Nevada, 19 F.3d 1427 (1st Cir. 1994). Accordingly, the court interprets plaintiffs' request for a stay of proceedings as a request for certification for interlocutory appeal.

Courts may certify an order as appropriate for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also, e.g., Berenson v. Nat'l Fin. Servs. LLC, 485 F3d 35, 41 (1st Cir. 2007). The court has no difficulty concluding that each of those elements is absent here: the transfer order does not involve any question of law controlling the merits of the claims in this lawsuit, there are no substantial grounds for disagreement as to the propriety of transfer, and to permit interlocutory appeal would not in any way advance ultimate termination of this litigation, but rather would prolong it. The court therefore denies plaintiffs' constructive request for certification of appealability.

---

[3] The so-called collateral order doctrine provides an exception to the Section 1292(b) certification requirement, allowing interlocutory appeal of "conclusive" orders that "resolve important questions completely separate from the merits" of the action where such questions would be "effectively unreviewable" if appeal were delayed until after final judgment. Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994). Those circumstances are absent here.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion for reconsideration (doc. no. 34) is denied. The court directs the clerk to execute its order at doc. no. 33 and to transfer this action to the United States District Court for the Northern District of California.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 1, 2021

cc: Counsel of Record